EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Avlin Maldonado Pérez | 2018 TSPR 152<br><br>200 DPR ____ |

Número del Caso: TS-16,093

Fecha: 29 de junio de 2018

Programa de Educación Jurídica Continua:

      Lcdo. José Ignacio Campos Pérez
      Director

Abogado de la promovida:

      Por derecho propio.

Materia: La suspensión será efectiva el 24 de agosto de 2018, fecha en que se le notificó por correo certificado a la abogada de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Avlin Maldonado Pérez                TS-16,093

**PER CURIAM**

En San Juan, Puerto Rico, a 29 de junio de 2018.

En esta ocasión suspendemos inmediata e indefinidamente a la Lcda. Avlin Maldonado Pérez del ejercicio de la abogacía por incumplir con el Programa de Educación Jurídica Continua (PEJC) y con nuestras órdenes.

**I**

La licenciada Maldonado Pérez fue admitida al ejercicio de la abogacía el 26 de enero de 2007 y a la notaría el 2 de abril de 2008.[1] El 12 de mayo de 2017 el Director Ejecutivo del PEJC presentó ante esta Curia un *Informe sobre incumplimiento con requisito de educación jurídica continua*. En este nos notificó la falta de cumplimiento de la licenciada Maldonado Pérez y otros letrados con los requisitos del PEJC para el periodo de 1 de agosto de 2009 al 31 de julio de 2011. Mencionó que el 2 de enero de 2011 remitió a la licenciada Maldonado Pérez un *Aviso de Incumplimiento* en el cual le otorgó sesenta días adicionales para tomar los cursos necesarios y subsanar las deficiencias en los créditos exigidos. Asimismo,

---

[1] El 23 de agosto de 2013 concedimos la renuncia voluntaria de la licenciada Maldonado Pérez al ejercicio de la notaría.

el 28 de febrero de 2014 el programa le remitió una citación para que compareciera, personalmente o por escrito, a una vista informal.[2] La letrada no compareció. Ante el incumplimiento persistente de la abogada, y conforme a la recomendación del Director del PEJC, el asunto se refirió a nuestra atención.

Examinado el informe a que hemos aludido, el 6 de junio de 2017 concedimos a la licenciada Maldonado Pérez un término de veinte días para que compareciera y mostrara causa por la cual no debíamos suspenderla de la profesión por incumplir con los requisitos del PEJC y por no comparecer al PEJC cuando le fue requerido. La letrada no cumplió con nuestra orden.

Así las cosas, el 26 de enero de 2018, en vista de que la licenciada Maldonado Pérez no cumplió con lo ordenado, **le concedimos un término final e improrrogable de diez días para que así lo hiciera.** En esa ocasión le apercibimos que su inobservancia podría conllevar severas sanciones, las cuales podían incluir su suspensión del ejercicio de la profesión de la abogacía. No surge del expediente que la letrada cumpliera con nuestra orden.

## II

El Código de Ética Profesional, 4 LPRA Ap. IX, tiene el propósito de "promover el desempeño personal y profesional de los abogados y las abogadas de acuerdo con los más altos

---

[2] Conforme surge del *Informe sobre incumplimiento con requisito de educación jurídica continua*, la citación remitida a la licenciada Maldonado Pérez fue devuelta, a pesar de remitirse a la dirección postal o correo electrónico que consta en el RÚA.

principios de conducta decorosa".[3] Con ese norte, al prestar juramento para ejercer la abogacía, los togados "se comprometen a obedecer, con lealtad y fidelidad, aquellos deberes y responsabilidades que les impone la ley y el Código de Ética Profesional".[4]

En ocasiones innumerables hemos expresado que el ejercicio de la profesión jurídica requiere que todo abogado y abogada observe rigurosamente los requerimientos de este Tribunal.[5] Este mandato ético se encuentra establecido, particularmente, en el Canon 9 del Código de Ética Profesional, *supra*. Específicamente, este precepto ético obliga a los abogados y a las abogadas a "observar para con los tribunales una conducta que se caracterice por el mayor respeto".[6] Como funcionarios del tribunal, éstos tienen la obligación de atender y obedecer tanto las órdenes de este Tribunal como las de cualquier foro al que se encuentren obligados a comparecer.[7] En ese sentido, cuando un miembro de la clase togada ignora nuestras órdenes y muestra indiferencia ante nuestros apercibimientos sobre sanciones disciplinarias, se expone a una separación inmediata e indefinida de la

---

[3] *In re Alberty Oms*, 2018 TSPR 51, 199 DPR ___ (2018); *In re Espino Valcárcel*, 2018 TSPR 30, 199 DPR ___ (2018).

[4] *In re González López*, 2018 TSPR 28, 199 DPR ___ (2018).

[5] *In re Lee Navas,* 2017 TSPR 208, 198 DPR __ (2017).

[6] *In re Lee Navas*, *supra*; *In re Abreu Figueroa,* 2017 TSPR 126, 198 DPR __ (2017); *In re Mangual Acevedo*, 197 DPR 998 (2017); *In re Marín Serrano*, 197 DPR 535 (2017).

[7] *In re Marín Serrano*, *supra*, pág. 539.

profesión.[8] Según hemos sostenido en ocasiones múltiples, no tomaremos livianamente el que un abogado asuma una actitud de indiferencia y menosprecio hacia nuestra autoridad.[9]

De otra parte, el Canon 2 del Código de Ética Profesional, requiere que, con el fin de viabilizar "una representación adecuada para toda persona, el abogado también debe realizar esfuerzos para lograr y mantener un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional". Conforme a lo anterior, establecimos "un programa de educación jurídica continua obligatoria dirigido a alentar y contribuir al mejoramiento académico de toda persona que ejerce la profesión del Derecho".[10] De manera que los abogados y las abogadas "se mantengan al día en la jurisprudencia, la legislación, la doctrina y las destrezas necesarias para el desempeño de su profesión dentro de los más altos niveles de calidad y competencia".[11]

Por lo tanto, todo abogado debe cumplir con los requisitos establecidos en el Reglamento de Educación Jurídica Continua, 4 LPRA Ap. XVII-D, y el Reglamento del Programa de Educación Jurídica Continua, *supra*. En esa línea hemos expresado que "[l]a desidia y dejadez ante los requerimientos del PEJC, no solo representan un gasto de recursos

---

[8] *In re Muriente Colón,* 2018 TSPR 41, 199 DPR __ (2018); *In re Colón Cordovés*, 195 DPR 543, 547 (2016).

[9] *In re Soto Rivera*, 198 DPR 421 (2017); *In re Santaliz Martell*, 194 DPR 911, 914 (2016); *In re Dávila Toro*, 193 DPR 159, 164 (2015).

[10] *In re Alberty Oms*, 2018 TSPR 51, 200 DPR __ (2018).

[11] *In re Lloréns Balzac,* 2018 TSPR 85, 200 DPR __ (2018).

administrativos por parte de ese programa, sino que, además, reflejan una patente falta de compromiso con el deber de excelencia y competencia que encarna el Canon 2 del Código de Ética Profesional".[12]   Como consecuencia, nos hemos visto obligados a suspender indefinidamente a abogados que desatienden los requerimientos del PEJC e incumplen con las horas crédito de educación continua requerida.

De otra parte, la Regla 9(j) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B, requiere que los abogados mantengan actualizados en el Registro Único de Abogados (RÚA) sus datos personales, entre éstos, la dirección seleccionada para recibir notificaciones. Por lo cual, hemos señalado que incumplir con esta exigencia obstaculiza el ejercicio de nuestra jurisdicción disciplinaria y, por ende, es motivo suficiente e independiente para ordenar la suspensión inmediata e indefinida del ejercicio de la abogacía.[13]

### III

Conforme surge del expediente, la licenciada Maldonado Pérez no ha cumplido con los requisitos del PEJC, ni compareció a la vista informal para atender el asunto. La correspondencia remitida a la letrada a la dirección que consta en el RÚA fue devuelta por el servicio postal en varias ocasiones. Aunque se le otorgó múltiples oportunidades para hacerlo, al presente tampoco ha cumplido con las órdenes que emitimos una vez el caso fue referido a nuestra atención.

---

[12] *In re Muriente Colón*, *supra*; *In re Mc Connie Sohorter*, 2018 TSPR 29, 199 DPR __ (2018).

[13] *In re Pérez Lugo*, 2018 TSPR 87, 198 DPR __ (2018).

La conducta de la licenciada Maldonado Pérez revela un alto grado de desidia e indiferencia hacia nuestros requerimientos y los del PEJC, lo cual contraviene nuestra autoridad en clara violación al Canon 9. Sin duda, el proceder de la letrada se aparta de los parámetros éticos y reglamentarios aplicables.

## IV

En vista de lo que antecede, *decretamos la suspensión inmediata e indefinida de la Lcda. Avlin Maldonado Pérez del ejercicio de la abogacía. La señora Maldonado Pérez deberá notificar de forma inmediata a todos sus clientes de su inhabilidad para continuar representándolos. De igual forma, se le ordena devolverles los expedientes de los casos pendientes, así como cualquier cantidad de dineros recibida en honorarios por trabajos no realizados.*

*De igual manera, tiene la obligación de informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún asunto pendiente. Por último, tiene la obligación de acreditar y certificar a este Tribunal el cumplimiento con todo lo anterior en un término de treinta días contados a partir de la notificación de esta Opinión per curiam y Sentencia.*

*Se dictará Sentencia de conformidad.*

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| *In re:*<br><br>Avlin Maldonado Pérez | TS-16,093 | |

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de junio de 2018.

Por los fundamentos expuestos en la Opinión *per curiam que antecede*, los cuales se hacen formar parte de esta Sentencia, decretamos la suspensión inmediata e indefinida de la Lcda. Avlin Maldonado Pérez del ejercicio de la abogacía. La señora Maldonado Pérez deberá notificar de forma inmediata a todos sus clientes de su inhabilidad para continuar representándolos. De igual forma, se le ordena devolverles los expedientes de los casos pendientes, así como cualquier cantidad de dineros recibida en honorarios por trabajos no realizados.

De igual manera, tiene la obligación de informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún asunto pendiente. Por último, tiene la obligación de acreditar y certificar a este Tribunal el cumplimiento con todo lo anterior en un término de treinta (30) días contados a partir de la notificación de esta Opinión *per curiam* y Sentencia.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez no intervino.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo