EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Mario Soriano Ressy | 2018 TSPR 137<br><br>200 DPR ____ |

Número del Caso:  TS-4,828


Fecha: 16 de julio de 2018


Abogado de la parte promovida:

    Por derecho propio


Programa de Educación Jurídica Continua:

    Lcdo. José Ignacio Campos Pérez
    Director


Materia:  La suspensión será efectiva el 24 de julio de 2018, fecha en que se le notificó al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | | |
|---|---|---|
| Mario Soriano Ressy | TS-4,828 | |

PER CURIAM

San Juan, Puerto Rico, a 16 de julio de 2018.

Una vez más, nos vemos forzados a ejercer nuestro poder disciplinario para suspender a un miembro de la profesión jurídica por incumplir con las órdenes de este Tribunal y con los requerimientos del Programa de Educación Jurídica Continua (PEJC). Por los fundamentos mencionados, decretamos la suspensión inmediata e indefinida del Lcdo. Mario Soriano Ressy (licenciado Soriano Ressy) de la práctica de la abogacía y la notaría.[1]

**I**

El 9 de marzo de 2017, el Director del PEJC presentó el *Informe sobre incumplimiento con requisito de educación jurídica continua* en el que nos refirió al licenciado Soriano Ressy por su incumplimiento con la

---

[1] El Lcdo. Mario Soriano Ressy (licenciado Soriano Ressy) fue admitido a la práctica de la abogacía el 20 de mayo de 1975 y prestó juramento como notario el 5 de mayo de 1976.

educación jurídica continua para el periodo del 1 de abril de 2009 al 31 de marzo de 2011.[2] Acto seguido, este Tribunal le ordenó al letrado a comparecer y mostrar causa por la cual no debía ser suspendido del ejercicio de la profesión de la abogacía por incumplir con los requisitos y los requerimientos del PEJC.

En respuesta, el 12 de mayo de 2017, el licenciado Soriano Ressy presentó una moción en la que alegó haber tomado ciertos cursos de educación jurídica continua y estar próximo a tomar otros más para cumplir con su obligación. Así, nos solicitó un término razonable para cumplir con lo anunciado. A razón de ello, le concedimos un término de sesenta días para cumplir con los requisitos de la educación jurídica continua, lo cual, a su vez, debía acreditar.

No obstante, el licenciado Soriano Ressy no cumplió con lo ordenado y, al cabo de casi un año después, le concedimos un término final de diez días con la advertencia de que podía ser suspendido del ejercicio de la profesión legal. Así, el licenciado Soriano Ressy respondió, mediante una comunicación escrita, lo siguiente: "He tomado en consideración proceder durante

---

[2] Del expediente se desprende que el licenciado Soriano Ressy compareció a la vista informal celebrada por el Programa de Educación Jurídica Continua (PEJC) y explicó que su incumplimiento con la educación jurídica continua se debió a percances de salud y a su avanzada edad, pero ello sin evidencia médica. El PEJC le concedió una prórroga de treinta días para cumplir con las tres horas créditos adeudadas y el pago de la multa.

el año en curso, a cubrir varios de los cursos en los temas que aún no han sido cubiertos".

## II

Sabido es que desatender nuestros requerimientos es incompatible con la práctica de la profesión, ya que constituye una violación al Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, y menoscaba nuestro poder inherente de regular la profesión jurídica. *In re* Canales Pacheco, res. el 10 de mayo de 2018, 2018 TSPR 100. Consecuentemente, hemos sido tajantes al concluir que tal conducta conlleva la separación inmediata e indefinida del ejercicio de la abogacía. Íd.

Así también, hemos expresado que lo anterior se extiende a los requerimientos de nuestros brazos operacionales, tales como la Oficina del Procurador General, la Oficina de Inspección de Notarías y el PEJC. *In re* Arocho Cruz, res. el 22 de mayo de 2018, 2018 TSPR 97. De esa forma, hemos suspendido indefinidamente del ejercicio de la profesión a abogados por haber desatendido los requerimientos del PEJC y apartarse de las exigencias concernientes a la educación jurídica continua. Íd.

Al amparo de la normativa jurídica expuesta, evaluaremos la conducta exhibida por el licenciado Soriano Ressy.

### III

El licenciado Soriano Ressy incumplió con nuestras órdenes de acreditar su alegado cumplimiento con la educación jurídica adeudada. A tales efectos, le concedimos un término inicial de sesenta días, el cual no respondió. Al cabo de un año, le concedimos un término adicional y final de diez días para acreditar su cumplimiento, pero no lo hizo.

Precisa mencionar que, ante nuestra última orden, el licenciado Soriano Ressy se limitó a expresar que consideraría tomar varios de los cursos en los temas no cubiertos. Ciertamente, esta escueta respuesta no constituye un cumplimiento con nuestra orden, dado que no fue responsivo a nuestro reclamo y no nos colocó en posición de evitar su suspensión de la profesión legal. Correspondía al licenciado Soriano Ressy haber acreditado su cumplimiento con la educación jurídica continua adeudada, según le ordenamos, pero incumplió.

Aun cuando se le brindaron varias oportunidades para cumplir con lo anterior, el licenciado Soriano Ressy optó por ignorar nuestras órdenes e incumplir con las prórrogas concedidas. Al no cumplir con nuestra orden de acreditar el cumplimiento con la educación jurídica continua y, en su momento, los requerimientos del PEJC, el licenciado Soriano Ressy violó el Canon 9 del Código de Ética, *supra*. Por tal motivo, nos vemos obligados a

suspenderlo inmediata e indefinidamente de la abogacía y la notaría.

**IV**

Por los fundamentos que anteceden, suspendemos inmediata e indefinidamente al Lcdo. Mario Soriano Ressy del ejercicio de la abogacía y la notaría.

Como consecuencia, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. Del mismo modo, se le ordena que devuelva a sus clientes los expedientes de los casos pendientes y cualesquiera honorarios recibidos por trabajos no realizados. Además, se le impone la obligación de informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes. Por último, deberá acreditar a este Tribunal el cumplimiento con lo aquí ordenado, dentro del término de treinta días contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Por su parte, se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del Sr. Mario Soriano Ressy y entregarlos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe. Además, en virtud de esta suspensión inmediata e indefinida del ejercicio de la notaría, la fianza que garantiza las funciones notariales queda automáticamente cancelada. Asimismo, la fianza se considerará buena y válida por

tres años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia al Sr. Mario Soriano Ressy.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Mario Soriano Ressy

TS-4828

SENTENCIA

San Juan, Puerto Rico, a 16 de julio de 2018.

Por los fundamentos que anteceden, se suspende inmediata e indefinidamente al Lcdo. Mario Soriano Ressy del ejercicio de la abogacía y la notaría.

Como consecuencia, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. Del mismo modo, se le ordena que devuelva a sus clientes los expedientes de los casos pendientes y cualesquiera honorarios recibidos por trabajos no realizados. Además, se le impone la obligación de informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes. Por último, deberá acreditar a este Tribunal el cumplimiento con lo aquí ordenado, dentro del término de treinta días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Por su parte, se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del Sr. Mario Soriano Ressy y entregarlos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe. Además, en virtud de esta suspensión inmediata e indefinida del ejercicio de la notaría, la fianza que garantiza las funciones notariales queda automáticamente cancelada. Asimismo, la fianza se considerará buena y válida por tres años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia al Sr. Mario Soriano Ressy.

Lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez no intervino.


                              Juan Ernesto Dávila Rivera
                              Secretario del Tribunal Supremo