EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |
|---|---|
| In re: <br><br> Francisco Joubert Lugo | 2018 TSPR 198 <br><br> 201 DPR ____ |

Número del Caso:  TS-10,698

Fecha: 4 de diciembre de 2018

Abogada del promovido:

      Por derecho propio

Oficina del Procurador General

      Lcda. Karla Z. Pacheco Álvarez
      Subprocuradora General

Materia:  La suspensión será efectiva el 11 de diciembre de 2018, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| *In re*:<br><br>Francisco Joubert Lugo | TS-10,698 | Conducta<br>Profesional |

*PER CURIAM*

En San Juan, Puerto Rico, a 4 de diciembre de 2018.

El Lcdo. Francisco Joubert Lugo (licenciado Joubert Lugo) ha incumplido con los requisitos del Programa de Educación Jurídica Continua (PEJC o Programa), además de desatender tanto los requerimientos de la Oficina del PEJC, así como nuestras órdenes, por lo que nos vemos forzados a suspenderlo inmediata e indefinidamente del ejercicio de la abogacía y la notaría.[1]

**I**

El 9 de marzo de 2017 el Lcdo. José Ignacio Campos Pérez (licenciado Campos), entonces Director Ejecutivo del PEJC, presentó un *Informe sobre Incumplimiento con Requisito de Educación Jurídica Continua* mediante el cual

---

[1] El Lcdo. Francisco Joubert Lugo fue admitido a la práctica de la abogacía el 4 de enero de 1994 y juramentó como notario el 13 de abril del mismo año.

nos informó que el licenciado Joubert Lugo no había completado los cursos de educación jurídica continua correspondientes al periodo del 1 de marzo de 2009 al 28 de febrero de 2011. Asimismo, indicó que el abogado no compareció a la vista pautada ante el PEJC ni respondió a las notificaciones de dicha Oficina referentes a este asunto.

En su informe el licenciado Campos explicó, además, que el licenciado Joubert Lugo tampoco cumplió con los requisitos del Programa concerniente a los periodos de 1 de marzo de 2011 al 28 de febrero de 2013 y de 1 de marzo de 2013 al 28 de febrero de 2015 para los cuales se le notificó el correspondiente *Aviso de Incumplimiento*. Por último, nos informó que el abogado no había efectuado el pago de multa por cumplimiento tardío correspondiente a todos los periodos antes mencionados.

A base de lo anterior, el asunto fue referido a nuestra consideración.

El 30 de mayo de 2017 le concedimos al letrado veinte (20) días, para mostrar causa por la cual no debía de ser suspendido del ejercicio de la profesión de la abogacía por incumplir con los requisitos reglamentarios de educación jurídica continua y no comparecer ante el Programa cuando le fue requerido.

Ante la falta de respuesta, el 7 de agosto de 2017, le ordenamos al abogado a mostrar causa, según ordenado previamente, en un término de diez (10) días.

El licenciado Joubert Lugo compareció finalmente el 28 de agosto de 2017. Solicitó excusas por no responder anteriormente y por no completar los cursos requeridos por el Programa. Primeramente, indicó que se enteró de nuestras órdenes a través de la Oficina del Alguacil de este Tribunal. Expresó, además, que no había logrado completar los créditos adeudados por razones económicas y solicitó veintiún (21) días adicionales para tomarlos.

El 18 de septiembre de 2017 le concedimos un plazo de treinta (30) días al abogado para concluir los cursos que le quedaban pendientes y presentarnos la correspondiente certificación de cumplimiento.

El licenciado Joubert Lugo desatendió nuestra orden por lo que, el 6 de abril de 2018 le requerimos una vez más que, en un término final e improrrogable de treinta (30) días, sometiera la certificación de cumplimiento del PEJC constatando que había completado los créditos de educación jurídica continua. Asimismo, le apercibimos que estaba sujeto a perder su título de abogado de no obedecer nuestras órdenes.[2] Nuevamente el letrado hizo caso omiso a nuestras advertencias.

Según se desprende de lo anterior, a pesar de las múltiples oportunidades conferidas al licenciado Joubert Lugo para cumplir con los requisitos del PEJC y las advertencias expresas sobre las consecuencias de

---

[2]    El 16 de abril de 2018 se le entregó personalmente copia de nuestra Resolución al letrado.

desatender nuestras órdenes, no hay evidencia en el expediente de que el letrado haya cumplido con lo requerido por este Foro.

## II

El Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX (2012) (Canon 9), exige a los togados "una conducta que se caracterice por el mayor respeto" hacia el Tribunal. A tono con lo anterior, hemos sido enfáticos en que la desatención e indiferencia a nuestras órdenes y apercibimientos vulnera el Canon 9 y puede conllevar sanciones disciplinarias que incluyen la separación inmediata e indefinida de la profesión. *In re* Maldonado Pérez, 2018 TSPR 152, 200 DPR ____ (2018); *In re* Soriano Rossy, 2018 TSPR 137, 200 DPR ____ (2018); *In re* Nieves Soto, 2010 TSPR 136, 200 DPR ____ (2018).

Por otro lado, las obligaciones impuestas por el Canon 9 se extienden a los requerimientos asociados al PEJC, en calidad de brazo operacional de este Foro. *In re* Soriano Rossy, *supra*; *In re* Nieves Soto, *supra.* De manera que, relegar las exigencias del PEJC, es conducta igualmente censurable bajo las disposiciones de nuestro ordenamiento ético.

De otra parte, hemos establecido un programa compulsorio de educación continua con el propósito de apoyar a la clase togada en el cumplimiento con su obligación de mantener un alto grado de excelencia y competencia en el desempeño de sus responsabilidades

legales, según impuesto por el Canon 2 del Código de Ética Profesional, 4 LPRA Ap. IX (2012). Cónsono con lo anterior, los abogados vienen llamados a cumplir con las horas crédito según establecido en el Reglamento de Educación Jurídica Continua, 4 LPRA Ap. XVII-D (2012), así como con los requisitos dispuestos en el Reglamento del Programa de Educación Jurídica Continua. 4 LPRA Ap. XXVII-E (Supl. 2018).

### III

Analizados los hechos de este caso a la luz de la normativa disciplinaria pertinente, entendemos que el licenciado Joubert Lugo no ha cumplido con los requisitos del PEJC, ni compareció a la vista informal señalada para atender el asunto. Asimismo, una vez el caso fue referido a nuestra atención, hizo caso omiso de nuestras órdenes mediante las cuales se le concedieron múltiples oportunidades para ponerse al día con su deber de completar los cursos de educación jurídica continua.

Lo anterior pone de manifiesto que el licenciado Joubert Lugo se apartó de sus obligaciones éticas frente a este Foro y sus dependencias. La conducta desplegada por el letrado muestra un alto grado de desidia e indiferencia hacia nuestras órdenes, así como a los requerimientos del PEJC, lo cual vulneró los postulados consignados en el Canon 9.

**IV**

En vista de lo anterior, decretamos la suspensión inmediata e indefinida del licenciado Joubert Lugo del ejercicio de la abogacía y la notaría. Le ordenamos notificar a todos sus clientes de su inhabilidad para continuar con su representación y a devolverles tanto los expedientes de los casos pendientes como los honorarios recibidos por trabajos no rendidos. Además, deberá informar inmediatamente de su suspensión a los distintos foros judiciales y administrativos en los que tenga algún asunto pendiente y acreditar ante este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días, a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo pudiera conllevar que no se le reinstale al ejercicio de la abogacía de solicitarlo en el futuro.

De otra parte, se le ordena al Alguacil de este Foro incautar inmediatamente la obra y sello notarial del señor Joubert Lugo y entregarlos al Director de la ODIN para el correspondiente examen e informe. Además, en virtud de la suspensión inmediata e indefinida del ejercicio de la notaría, la fianza que garantiza las funciones notariales del señor Joubert Lugo queda automáticamente cancelada. Asimismo, la aludida fianza se considerará buena y válida por tres años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Por último, se ordena el archivo administrativo de la Querella Núm. CP-2017-18 (Queja Núm. AB-2015-0211) hasta tanto dispongamos otra cosa.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia al señor Joubert Lugo a través de la Oficina del Alguacil de este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*:


Francisco Joubert Lugo             TS-10,698              Conducta
                                                          Profesional


SENTENCIA

En San Juan, Puerto Rico a 4 de diciembre de 2018.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte íntegra de la presente Sentencia, decretamos la suspensión inmediata e indefinida del Lcdo. Francisco Joubert Lugo del ejercicio de la abogacía y la notaría.

Le ordenamos notificar a todos sus clientes de su inhabilidad para continuar representándolos y devolverles tanto los expedientes de los casos pendientes, así como los honorarios recibidos por trabajos no rendidos. Además, deberá informar inmediatamente de su suspensión a los distintos foros judiciales y administrativos en los que tenga algún asunto pendiente y acreditar ante este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días, a partir de la notificación de la Opinión *Per Curiam* que antecede y de esta Sentencia. No hacerlo pudiera conllevar que no se le reinstale al ejercicio de la abogacía de solicitarlo en el futuro.

De otra parte, se le ordena al Alguacil de este Foro incautar inmediatamente la obra y sello notarial de señor Joubert Lugo y entregarlos al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe.

Además, en virtud de la suspensión inmediata e indefinida del ejercicio de la notaría, la fianza que garantiza las funciones notariales del señor Joubert Lugo queda automáticamente cancelada. Asimismo, la aludida fianza se considerará buena y válida por tres años después de su terminación, en cuanto a los actos realizados durante el periodo en que éste estuvo vigente.

Por último, se ordena el archivo administrativo de la Querella Núm. CP-2017-18 (Queja Núm. AB-2015-0211) hasta tanto dispongamos otra cosa.

Notifíquese personalmente la Opinión *Per Curiam* que antecede y esta Sentencia al señor Joubert Lugo a través de la Oficina del Alguacil de este Tribunal.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Martínez Torres está conforme y hace constar la siguiente expresión:

> El Juez Asociado señor Martínez Torres vota conforme y hace constar que opina que la querella núm. CP-2017-18 deberá adjudicarse favorablemente al abogado como requisito previo a autorizar en el futuro la reinstalación del licenciado Joubert Lugo.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo