EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2019 TSPR 73 |
| Aissa Tirado Avilés | 201 DPR ____ |

Número del Caso:        TS-8649

Fecha: 16 de abril de 2019

Programa de Educación Jurídica Continua:

    Lcdo. José Ignacio Campos Pérez
    Director Ejecutivo

Materia:  La suspensión será efectiva el 22 de abril de 2019, fecha en que se le notificó a la abogada de su suspensión inmediata.

    Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |  |
|---|---|---|
| In re:<br><br>Lcda. Aissa Tirado Avilés | TS-8649 |  |

*PER CURIAM*

San Juan, Puerto Rico, a 16 de abril de 2019.

I

La Lcda. Aissa Tirado Avilés (licenciada Tirado Avilés) fue admitida al ejercicio de la abogacía el 27 de febrero de 1987 y prestó juramento como notaria el 1 de julio de 1987.

El 7 de junio de 2017, el entonces Director del Programa de Educación Jurídica Continua(PEJC), Lcdo. José Ignacio Campos Pérez, la refirió ante este Tribunal por su incumplimiento con los requisitos del PEJC desde el 2009 y con las cuotas por cumplimiento tardío correspondientes.[1]

---

[1] Los procedimientos por incumplimiento ante el Programa de Educación Jurídica Continua (PEJC) comenzaron en el 2012. El PEJC nos informó que la Lcda. Aissa Tirado Avilés expresó en una comparecencia escrita con fecha de 2014 que su movilidad era limitada como consecuencia de tres accidentes, pero que tenía interés en cumplir con los requisitos toda vez que el ejercicio de la profesión significaba su sustento. Aunque la letrada no acreditó tales circunstancias ni las fechas de los accidentes, el PEJC le concedió una prórroga de sesenta (60) días para cumplir con el periodo 2009-2011 y pagar la multa por cumplimiento tardío correspondiente. Ante su incomparecencia, se le otorgó un nuevo término de treinta (30) días y se le indicó que conforme a la Regla 15 del Reglamento del PEJC, 4 LPRA Ap. XVII-F, no existía límite de créditos de cursos ofrecidos a distancia que pudiera acumular en un

El 30 de noviembre de 2017, le concedimos un término de veinte (20) días a la letrada para que mostrara causa por la que no debía ser suspendida por incumplir con los requisitos del PEJC y por no comparecer cuando le fue requerido. Ante su incomparecencia, el 28 de marzo de 2018 emitimos una nueva resolución mediante la cual le concedimos un término final de diez (10) días para comparecer. Esta vez la notificación fue diligenciada personalmente el 9 de abril de 2018. El 18 de abril de 2018, la letrada compareció e informó sobre varios problemas de salud que la aquejaban y que habían limitado su movilidad. En su comparecencia solicitó nuestra indulgencia por estar próxima a renunciar y no querer ser suspendida del ejercicio de la profesión. Sostuvo que acataría la determinación de este Tribunal.

Así las cosas, mediante Resolución de 29 de junio de 2018 le concedimos un término de tres (3) meses para que mostrara causa por la cual no debía ser suspendida del ejercicio de la abogacía, presentara evidencia de su situación médica y cumpliera con los requisitos del PEJC, ya sea a través de su patrono (el Departamento del Trabajo y Recursos Humanos) o cursos ofrecidos a distancia. El 6 de julio de 2018, la abogada compareció y presentó las lecturas de varios estudios médicos con el propósito de evidenciar su situación de salud. De igual forma, indicó

---

periodo particular. De forma tal, se le indicó que podía subsanar la insuficiencia de los periodos incumplidos a través de cursos ofrecidos a distancia.

que a pesar de haber solicitado a su patrono la instalación de un programa de computadoras para tomar los cursos de educación continua, este no había sido instalado y estaba impedida de tomarlos.

No obstante, mediante Resolución de 18 de julio de 2018 le ordenamos cumplir con los requisitos del PEJC según nuestra Resolución de 29 de junio de 2018. Ante su incomparecencia, le concedimos un término final e improrrogable de dos (2) meses para que certificara su cumplimiento con los requisitos del PEJC y le apercibimos que el incumplimiento con nuestras órdenes estaría sujeto a medidas disciplinarias severas, incluyendo la suspensión.

Nuevamente el 23 de octubre de 2018 le concedimos un término final e improrrogable de dos (2) meses para cumplir con los requisitos del PEJC. Asimismo, le apercibimos que el incumplimiento con nuestras órdenes estaría sujeto a medidas disciplinarias, incluyendo la suspensión. No obstante, el término concedido transcurrió y la licenciada Tirado Avilés no ha comparecido.

Examinemos entonces las disposiciones éticas aplicables.

II

Reiteradamente hemos señalado que desatender las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales e infringe el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX. *In re Joubert Lugo,* 2018 TSPR 198, 201 DPR Ap. (2018), *In re* Maldonado

Pérez, 2018 TSPR 152, 200 DPR Ap. (2018); *In re* Soriano Ressy, 2018 TSPR 137, 200 DPR Ap. (2018). El Canon 9 dispone que todo abogado deberá observar hacia los tribunales una conducta que se caracterice por el mayor respeto y diligencia. Asimismo, la naturaleza de la función de abogado requiere de una escrupulosa atención y obediencia a las órdenes de este Tribunal.

Por ello, hemos advertido que procede la suspensión del ejercicio de la profesión cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante nuestros apercibimientos de imponerle sanciones disciplinarias. Por los mismos fundamentos, el incumplimiento con los requerimientos de entidades a las cuales le hemos delegado alguna función en las tareas de regular el ejercicio de la profesión, entre ellas, el Programa de Educación Jurídica Continua, conlleva idéntica sanción. *In re Joubert Lugo,* supra, *In re Soriano Ressy*, supra; *In re Nieves Soto*, 2018 TSPR 136, 200 DPR Ap. (2018)*.*

El Programa de Educación Jurídica Continua es un programa compulsorio que tiene como propósito apoyar a la clase togada en el cumplimiento con su obligación de desempeñarse en la profesión dentro de los más altos niveles de calidad y competencia, según impuesto por el Canon 2 del Código de Ética Profesional, 4 LPRA Ap. IX. *In re Joubert Lugo,* supra; *In re Maldonado Pérez*, supra. Por ello, los abogados tienen que cumplir con las horas crédito

establecidas en el Reglamento de Educación Jurídica Continua, 4 LPRA Ap. XVII-D (2012), y con los requisitos dispuestos en el Reglamento del Programa de Educación Jurídica Continua. 4 LPRA Ap. XXVII-E (Supl. 2018). *In re Joubert Lugo,* supra.

### III

A principios del 2012 el PEJC envió a la licenciada Tirado Avilés un primer Aviso de Incumplimiento y en el 2014 citó a la letrada a una vista de conformidad con el Reglamento del PEJC, supra. Desde entonces el PECJ le ha concedido varios términos para que cumpla con los créditos adeudados. Asimismo, el PEJC ha tomado en consideración las limitaciones de movilidad que informara la licenciada Tirado Avilés y le ha expresado que la Regla 15 del Reglamento del PEJC no impone límite de créditos de cursos ofrecidos a distancia que pudiera acumular en un periodo particular. Por ello, le indicó que podía subsanar la insuficiencia de los periodos incumplidos a través de cursos ofrecidos a distancia. De igual forma, a esto se suma los términos que este Tribunal le ha concedido a la licenciada Tirado Avilés para que subsane su incumplimiento. Sin embargo, la letrada no ha tomado los cursos ni pagado las cuotas por cumplimiento tardío adeudadas, incumpliendo de esta forma con los requisitos del PEJC y desatendiendo nuestras órdenes. Por lo tanto, su conducta se aparta de sus obligaciones éticas y vulnera los postulados consignados en el Canon 9.

IV

Por los fundamentos expuestos, suspendemos inmediata e indefinidamente del ejercicio de la abogacía y de la notaría a la Lcda. Aissa Tirado Avilés.

En consecuencia, se le impone a la señora Tirado Avilés el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, y devolverles tanto los expedientes de los casos pendientes, así como los honorarios recibidos por trabajos no rendidos. De igual forma, tendrá que informar oportunamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia. No hacerlo pudiera conllevar que no se le reinstale al ejercicio de la abogacía de solicitarlo en el futuro.

De otra parte, se le ordena al Alguacil de este Foro incautar inmediatamente la obra y sello notarial de la señora Tirado Avilés y entregarlos al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe. Además, en virtud de la suspensión inmediata e indefinida del ejercicio de la notaría, la fianza que garantiza las funciones notariales de la señora Tirado Avilés queda automáticamente cancelada. Asimismo, la aludida fianza se considerará buena y válida por tres años

después de su terminación, en cuanto a los actos realizados durante el periodo en que esta estuvo vigente.

Notifíquese personalmente esta Opinión *Per Curiam* y la Sentencia a la señora Tirado Avilés a través de la Oficina del Alguacil de este Tribunal.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Lcda. Aissa Tirado Avilés

TS-8649

SENTENCIA

San Juan, Puerto Rico, a 16 de abril de 2019.

Por los fundamentos expuestos, suspendemos inmediata e indefinidamente del ejercicio de la abogacía y de la notaría a la Lcda. Aissa Tirado Avilés.

En consecuencia, se le impone a la señora Tirado Avilés el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, y devolverles tanto los expedientes de los casos pendientes, así como los honorarios recibidos por trabajos no rendidos. De igual forma, tendrá que informar oportunamente de su suspensión a cualquier sala del Tribunal General de Justicia o foro administrativo en el que tenga algún caso pendiente. Deberá acreditar y certificar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días contados a partir de la notificación de la presente Opinión *Per Curiam* y Sentencia. No hacerlo pudiera conllevar que no se le reinstale al ejercicio de la abogacía de solicitarlo en el futuro.

De otra parte, se le ordena al Alguacil de este Foro incautar inmediatamente la obra y sello notarial de la señora Tirado Avilés y entregarlos al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe. Además, en virtud de la suspensión inmediata e indefinida del ejercicio de la notaría, la fianza que garantiza las funciones notariales de la señora Tirado Avilés queda automáticamente cancelada. Asimismo, la aludida fianza se considerará buena y válida por tres años después de su terminación, en cuanto a los actos realizados durante el periodo en que esta estuvo vigente.

Notifíquese personalmente esta Opinión *Per Curiam* y la Sentencia a la señora Tirado Avilés a través de la Oficina del Alguacil de este Tribunal.

Lo acordó y manda el Tribunal y certifica el Secretario del Tribunal Supremo.


                              José Ignacio Campos Pérez
                            Secretario del Tribunal Supremo