EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |
|---|---|
| In re: <br><br><br> Julio C. López Guzmán | 2019 TSPR 149 <br><br> 203 DPR \_\_\_\_\_ |

Número del Caso:  TS-12,967


Fecha:  13 de agosto de 2019


Abogada del Lcdo. Julio C. López Guzmán:

    Lcda. Daisy Calcaño López
    Cuerpo de Procuradores del
    Colegio de Abogados y Abogadas
    de Puerto Rico


Oficina de Inspección de Notarías:

    Manuel E. Ávila De Jesús
    Director


Programa de Educación Jurídica Continua:

    Lcda. María Cecilia Molinelli González
    Directora Ejecutiva




Materia:  La suspensión será efectiva el 26 de agosto de 2019, fecha en que se le notificó al abogado de su suspensión inmediata.



Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:


Julio C. López Guzmán

                    TS-12,967




*PER CURIAM*

En San Juan, Puerto Rico, a 13 de agosto de 2019.

Una vez más nos vemos obligados a suspender a un letrado del ejercicio de la abogacía y de la notaría por incumplir con las órdenes de este Tribunal.

I

El Lcdo. Julio C. López Guzmán fue admitido al ejercicio de la abogacía el 25 de enero de 2000. Sin embargo, lo suspendimos del ejercicio de la notaría mediante Resolución el 12 de septiembre de 2017, debido a que no subsanó unas deficiencias notariales que le notificó la Oficina de Inspección de Notarias (ODIN), pese a las múltiples oportunidades que tuvo. Asimismo, ordenamos al alguacil de este Tribunal que incautara su sello y obra notarial, para que fueran

entregados a la ODIN para la correspondiente inspección e informe. Además, le ordenamos al licenciado López Guzmán que mostrara causa, en un término de sesenta días, por la que no debíamos suspenderlo del ejercicio de la abogacía.

El 26 de febrero de 2018, el licenciado López Guzmán compareció ante este foro y se opuso a que se le suspendiera del ejercicio de la abogacía. Explicó que para ese momento estaba pasando por una serie de problemas económicos. Asimismo, expuso que, a pesar de encontrarse viviendo en Nueva York, continuó subsanando las faltas que fueron señaladas a su obra notarial. Sostuvo que necesitaba mantener su licencia de abogado para poder generar ingresos y continuar subsanando los errores señalados a su obra notarial. Ante esto, el 27 de abril de 2018, le dimos sesenta días para concluir con los trámites que tenía pendiente ante la ODIN. Además, le apercibimos de que el incumplimiento con esa Resolución conllevaría sanciones disciplinarias que podían incluir la suspensión de la abogacía y el referido al Tribunal de Primera Instancia para el comienzo de un proceso de desacato en su contra.

Culminado el periodo conferido, la ODIN compareció ante este foro e informó que el licenciado López Guzmán cumplió parcialmente con lo solicitado. Ante esto, nos pidió que le concediéramos un término adicional de treinta días para que finalizara la subsanación de la obra. Cónsono con lo solicitado por la ODIN, emitimos una Resolución en la que le concedimos treinta días para que finalizara los trámites en

la ODIN. También, le volvimos a apercibir de que el incumplimiento con la Resolución podría conllevar el inicio de un proceso de desacato.

El 26 de septiembre de 2018, vencido el término, el licenciado López Guzmán compareció ante este foro y solicitó que le otorgáramos un término adicional, pues no había podido culminar de subsanar la obra, pese a haber trabajado en ello. La ODIN compareció ante nos el 4 de octubre de 2018 y nos informó que no tenía objeción con que le confiriéramos un término adicional al licenciado López Guzmán, ya que este había sido diligente al intentar subsanar la obra en el periodo que le dimos. De esta forma, emitimos una Resolución el 16 de octubre de 2018, en la que le otorgamos un término de veinte días al licenciado López Guzmán para que finalizara el proceso ante la ODIN y le volvimos a apercibir de que el incumplimiento con la Resolución podría conllevar que se refiriera el caso al Tribunal de Primera Instancia para comenzar un proceso de desacato.

Posteriormente, la representación legal del licenciado López Guzmán renunció y emitimos una Resolución en la que le concedimos veinte días para que presentara una nueva representación legal. Le advertimos que transcurrido ese término sin comparecer continuaríamos con los procedimientos. Por su parte, la ODIN compareció ante este foro el 20 de noviembre de 2018, e indicó que el licenciado López Guzmán no cumplió con la Resolución que emitimos el 16 de octubre de 2018. El licenciado López Guzmán compareció

ante nos el 14 de diciembre de 2018, y enumeró las diligencias que hizo para completar el proceso de subsanar la obra, por lo que pidió que le concediéramos más tiempo.

Por otro lado, el Programa de Educación Jurídica Continua (PEJC) compareció el 13 de diciembre de 2018, y nos informó que el licenciado López Guzmán incumplió con los requisitos del programa para el periodo 2011-2013. De esta forma, emitimos una Resolución el 9 de enero de 2019 en la que le ordenamos al licenciado López Guzmán mostrar causa en un periodo de veinte días de por qué no debía ser suspendido de la profesión legal por incumplir con los requisitos del PEJC.

El 23 de enero de 2019 el licenciado López Guzmán compareció y notificó su nueva representación legal. Asimismo, solicitó noventa días para cumplir con los requisitos del PEJC. Explicó que el licenciado López Guzmán se tuvo que trasladar fuera de Puerto Rico por problemas económicos y estaba buscando trabajo en Estados Unidos, por lo que no tenía dinero para cumplir con los requisitos del PEJC. Ese mismo día, el licenciado López Guzmán presentó una moción en la que solicitó que le concediéramos treinta días para completar el proceso de subsanar la obra.

De esta forma, el 6 de febrero de 2019 emitimos una Resolución en la que tomamos conocimiento de la nueva representación legal del licenciado López Guzmán y le otorgamos noventa días para que cumpliera con los requisitos del PEJC. Por su parte, el 22 de febrero de 2019 emitimos

una Resolución en la que le concedimos un término final e improrrogable de treinta días a para que se reuniera con la Inspectora la ODIN que tiene el caso asignado y para que subsanara las deficiencias que le fueron señaladas a su obra notarial. Además, le volvimos a apercibir de que el incumplimiento con la Resolución podía conllevar sanciones disciplinarias, que incluyen la suspensión de la abogacía.

El licenciado López Guzmán compareció el 29 de marzo de 2019 y nos informó que no pudo cumplir con lo ordenado por motivos de enfermedad, por lo que anejó evidencia médica a la moción. Asimismo, nos solicitó una prórroga de sesenta días para subsanar las deficiencias y reunirse con la inspectora de la ODIN. Ese mismo día, el letrado presentó otra moción en la que solicitó una prórroga de sesenta días para cumplir con la Resolución del 6 de febrero de 2019, en la que le conferimos noventa días para que cumpliera con los requisitos del PEJC. Las razones fueron las mismas que dio para solicitar la prórroga para cumplir con los señalamientos de la ODIN.

Debido a la situación extraordinaria que nos informó el licenciado López Guzmán, emitimos una Resolución el 15 de abril de 2019, en la que le concedimos un término final e improrrogable de sesenta días al licenciado López Guzmán para cumplir con los requisitos del PEJC y subsanar las deficiencias pendientes ante la ODIN. Este término venció el pasado 17 de junio de 2019. Ante esto, la ODIN compareció el 16 de julio de 2019 y nos informó que el licenciado López

Guzmán no completó la subsanación de la obra en el término otorgado. La moción de la ODIN mencionó que el licenciado López Guzmán aún no ha entregado su sello notarial y que quedaban deficiencias notariales por subsanar. Del expediente no surge que el licenciado López Guzmán haya cumplido con los requisitos del PEJC.

II

El Código de Ética Profesional de Puerto Rico establece cuáles son las normas básicas de conducta que deben exhibir los letrados en el desempeño de sus funciones. In re Rivera Sepúlveda, 192 DPR 985, 988 (2015). Específicamente, el Canon 9 de Ética Profesional, 4 LPRA Ap. IX, dispone que "[e]l abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto". En reiteradas ocasiones hemos resuelto que los abogados tienen el deber y la obligación de contestar, de manera oportuna y diligente, los requerimientos y órdenes de este Tribunal, particularmente en proceso disciplinarios. In re Toro Soto, 181 DPR 654, 660 (2011). Véase también, In re Rivera Trani, 188 DPR 454, 460-461 (2013). Los requerimientos de la ODIN como los del PEJC son análogos a los que hace este Tribunal. In re Joubert Lugo, 2018 TSPR 198, pág. 2, 201 DPR___ (2018); In re Collado Santiago, 2018 TSPR 204, págs. 2-3, 201 DPR ___ (2018). Asumir una actitud de menosprecio e indiferencia ante nuestras órdenes, y los requerimientos de nuestros funcionarios y organismos, denotan una falta de respeto hacia nuestra autoridad y constituye una violación del Canon

9, supra. Véase, In re Colón Collazo, 196 DPR 239 (2016).
Cónsono con lo que hemos resuelto, reiteramos que "la dejadez
es incompatible con el ejercicio de la abogacía". In re Rivera
Trani, supra, pág. 461. Véase además, In re González Barreto,
169 DPR 772, 774 (2006). Por consiguiente, incumplir con el
Canon 9, supra, es razón suficiente para separar a un abogado
de la profesión. In re Toro Soto, supra, pág. 660. Véase además,
In re Irizarry Irizarry, 190 DPR 368, 375 (2014).

III

Nos vemos en la obligación de suspender al licenciado
López Guzmán inmediata e indefinidamente del ejercicio de la
abogacía, debido a su incumplimiento con los requisitos del
PEJC, con culminar el proceso de subsanación de su obra
notarial en la ODIN y la falta de atención a las órdenes del
Tribunal, con relación al Canon 9, supra.

Se le impone el deber de notificar inmediatamente a sus
clientes, si alguno, de su inhabilidad para seguir
representándolos, devolverles cualesquiera honorarios
recibidos por trabajos no realizados e informar
inmediatamente de su suspensión a los foros judiciales y
administrativos en los que tenga algún caso pendiente.
Además, deberá acreditar a este Tribunal el cumplimiento con
lo anterior dentro del término de treinta días a partir de
la notificación de esta Opinión *Per Curiam* y Sentencia.

Por otro lado, le ordenamos al Alguacil del Tribunal a
que incaute el sello notarial del señor López Guzmán. Además,
le ordenamos al señor López Guzmán culminar con la

subsanación de las faltas señaladas a su obra notarial. Finalmente, referimos el caso al Tribunal de Primera Instancia de San Juan para que inicie un proceso de desacato contra el señor López Guzmán.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:


Julio C. López Guzmán

                              TS-12,967




                           *SENTENCIA*

En San Juan, Puerto Rico, a 13 de agosto de 2019.

        Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de esta Sentencia, suspendemos al licenciado López Guzmán inmediata e indefinidamente del ejercicio de la abogacía, debido a su incumplimiento con los requisitos del PEJC, con culminar el proceso de subsanación de su obra notarial en la ODIN y la falta de atención a las órdenes del Tribunal, con relación al Canon 9, supra.
        Se le impone el deber de notificar inmediatamente a sus clientes, si alguno, de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún caso pendiente. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

        Por otro lado, le ordenamos al Alguacil del Tribunal a que incaute el sello notarial del señor

López Guzmán. Además, le ordenamos al señor López Guzmán culminar con la subsanación de las faltas señaladas a su obra notarial. Finalmente, referimos el caso al Tribunal de Primera Instancia de San Juan para que inicie un proceso de desacato contra el señor López Guzmán.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez no intervino.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo