EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br><br> Nicole A. McConnie Shorter | 2018 TSPR 29 <br><br> 199 DPR ____ |

Número del Caso: TS-15,764


Fecha: 8 de febrero de 2018


Programa de Educación Jurídica Continua:


                Lcdo. José Ignacio Campos Pérez
                Director Ejecutivo


Abogado de la promovida:


                Por derecho propio.



Materia:  Conducta Profesional – La suspensión del abogado será efectiva el 26 de febrero de 2018, fecha en que se le notificó por correo al abogado de su suspensión inmediata

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | | TS-15,764 |
|--------|--|-----------|
| Nicole A. McConnie Shorter | | |

*PER CURIAM*

En San Juan, Puerto Rico, a 8 de febrero de 2018.

Nuevamente ejercemos nuestra facultad disciplinaria y ordenamos la suspensión inmediata e indefinida de la Lcda. Nicole A. McConnie Shorter (licenciada McConnie Shorter) de la profesión legal por su incumplimiento con los requerimientos del Programa de Educación Jurídica Continua (PEJC) y con los de este Tribunal.

I

El Director Ejecutivo del PEJC, Lcdo. José Ignacio Campos Pérez, comparece ante nos mediante sendo Informe en el que nos pone al tanto sobre el incumplimiento de la licenciada McConnie Shorter con los requisitos del PEJC y sobre la reiterada desatención de la letrada con sus requerimientos.

La licenciada McConnie Shorter fue admitida al ejercicio de la abogacía el 31 de enero de 2006. El 24 de febrero de 2017, el Director del PEJC compareció ante nos e indicó que la licenciada McConnie Shorter incumplió con los requisitos del PEJC durante el periodo del 1 de abril de 2008

al 31 de marzo de 2010, así como con el pago de una multa por cumplimiento tardío para el periodo señalado. El Director indicó que, en un principio, le envió a la letrada el Aviso de Incumplimiento para el periodo antes mencionado. En dicho Aviso de Incumplimiento se le concedió término a la licenciada McConnie Shorter para tomar los cursos correspondientes y para satisfacer la multa por cumplimiento tardío, conforme a la Regla 30(C) del Reglamento del Programa de Educación Jurídica Continua, *In re Aprobación Regl. Prog. Educ. Jur.*, 164 DPR 555 (2005) (según enmendado). Sin embargo, la licenciada McConnie Shorter ni tomó los cursos de educación jurídica necesarios ni satisfizo la multa por cumplimiento tardío.

Así las cosas, el PEJC le remitió una citación para una Vista Informal a celebrarse el 30 de octubre de 2013. Cabe señalar que la licenciada McConnie Shorter compareció tardíamente por escrito a dicha Vista Informal. La licenciada McConnie Shorter expresó que en el año 2009 fue admitida al ejercicio de la profesión legal en Florida y que entendía que, si estaba en "good standing" en dicho estado, estaba eximida del cumplimiento con los requisitos de educación jurídica continua de otras jurisdicciones. Planteó que obtendría una Certificación de Cumplimiento y la remitiría de inmediato. Finalmente adujo que estaba consciente de las consecuencias que podría acarrear su incumplimiento y que

estaba dispuesta a cumplir con los requisitos reglamentarios.

Así las cosas, el 6 de noviembre de 2013 se le notificó a la licenciada McConnie Shorter vía correo electrónico una prórroga para presentar o completar el trámite de Solicitud de Exoneración, actualizar sus datos en el Registro Único de Abogados y Abogadas (RUA) y pagar la multa por cumplimiento tardío.

Posteriormente, el 12 de enero de 2016, se notificó por correo electrónico[1] a la licenciada McConnie Shorter el Informe del Oficial Examinador y la determinación de la entonces Directora del PEJC, Hon. Geisa M. Marrero Martínez, respecto a la Vista celebrada. Se le advirtió que, de no cumplir con lo ordenado, el asunto de la Vista Informal sería presentado ante la Junta para que esta determinara si sería referida a este Tribunal. No obstante, del expediente no surge que la letrada hubiera respondido a esta comunicación.

A tenor con el apercibimiento hecho a la licenciada McConnie Shorter, el PEJC nos remitió el Informe. Mediante el mismo, nos señala que el Historial de Cursos Acreditados

---

[1] Cabe apuntar que en su Comparecencia escrita la letrada indicó que la dirección que tenía registrada en el Registro Único de Abogadas y Abogados, a saber, Urb. Tierra Alta, M2, Gavilanes, Guaynabo, P.R. 00969, y donde se remitió la citación a la Vista correspondía al lugar donde residía con sus padres previo a mudarse a los Estados Unidos. Indicó que sus padres tenían una nueva dirección y que ello provocó que no se enterara de la citación hasta que le enviaron copia de la misma por correo electrónico en la noche del día de la vista. Anejo copia del sobre de la notificación de la citación de donde surge un sello que dice "NOTIFY SENDER ON NEW ADDRESS MCCONNIE 460 AVE SAGRADO CORAZON SANTURCE PR 00915-3316."

de la licenciada McConnie Shorter refleja que aún tiene incumplido el período de 2008-2010 y que no efectuó el pago de la multa por cumplimiento tardío correspondiente a este período. Asimismo, nos indica que la licenciada McConnie Shorter tampoco cumplió con los requisitos del PEJC correspondientes a los períodos del 1 de abril de 2010 al 31 de marzo de 2012 y del 1 de abril del 2012 al 31 de marzo de 2014. Para estos últimos períodos se le notificó a la licenciada McConnie Shorter un Aviso de Incumplimiento. La letrada tampoco ha pagado la multa por cumplimiento tardío de estos períodos. Cabe mencionar que la licenciada McConnie Shorter no ha sido citada a una Vista Informal para estos períodos.[2]

El 30 de mayo de 2017, emitimos una Resolución en la que le concedimos un término de diez (10) días a la licenciada McConnie Shorter para que compareciera ante nos y mostrara causa por la cual no debía ser suspendida del ejercicio de la profesión de la abogacía por incumplir con los requisitos del PEJC. La licenciada McConnie Shorter no ha comparecido.

II

El Canon 2 del Código de Ética Profesional requiere con el "fin de viabilizar el objetivo de representación legal adecuada para toda persona, [que] el abogado manten[ga] un

---

[2] A su vez, el PEJC informa que no se reflejan créditos acumulados para el periodo de 1 de abril de 2014 al 31 de marzo de 2017.

alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional". 4 LPRA Ap. IX. Para garantizar el cumplimiento de este deber, todo abogado o abogada debe cumplir con los requisitos establecidos en el *Reglamento de Educación Jurídica Continua*, supra. *In re López González et al.*, 2015 TSPR 107.

Reiteradamente hemos expresado que la desidia y dejadez ante los requerimientos del PEJC representan un gasto de recursos administrativos por parte de ese programa y reflejan una patente falta de compromiso con el deber de excelencia y competencia que encarna el Canon 2 del Código de Ética Profesional. *In re Cepero Rivera et al.*, 2015 TSPR 119. Por lo tanto este Tribunal disciplina a los abogados que desatienden los requerimientos de la Junta e incumplen con las horas crédito de educación jurídica continua. *In re Rivera Trani*, 188 D.P.R. 454 (2013).

Por otro lado, la Regla 9(j) del Reglamento del Tribunal Supremo, 4 LPRA Ap. XXI-B, impone a los abogados la obligación de mantener actualizados en el RUA sus datos personales, incluyendo su dirección física, postal y electrónica. Por ello, es deber de los abogados y notarios avisar oportunamente a este Tribunal cualquier cambio en su dirección. El incumplimiento con este deber obstaculiza el ejercicio de nuestra jurisdicción disciplinaria y es

suficiente para decretar su separación indefinida de la profesión. *In re López González*, *et al.*, supra.

Por último, reiteradamente hemos señalado que desatender los requerimientos de este Tribunal por los miembros de la profesión legal constituye un serio agravio a nuestra autoridad e infringe el Canon 9. *In re López González*, *et al.*, supra; *In re De Jesús Román,* 192 D.P.R. 799 (2015)*.* A su vez, hemos advertido que procede la suspensión inmediata del ejercicio de la profesión cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante nuestros apercibimientos de imponerle sanciones disciplinarias. *In re López González et al.*, supra.

## III

El PEJC, a través de su Director Ejecutivo, ha detallado en el Informe los esfuerzos realizados para requerirle a la licenciada McConnie Shorter el cumplimiento con los requisitos del PEJC. Todos estos esfuerzos han sido infructuosos por lo que ha tenido que solicitar nuestra intervención. La licenciada McConnie Shorter no ha comparecido ante nos ni ha acreditado su cumplimiento con los requisitos del PEJC.

Lo anterior nos lleva a decretar la suspensión inmediata e indefinida del ejercicio de la abogacía de la Lcda. Nicole A. McConnie Shorter. Como consecuencia, se le impone el deber de notificar a todos sus clientes, si alguno,

de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros judiciales y administrativos donde tenga algún asunto pendiente. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Nicole A. McConnie Shorter | TS-15,764 |

SENTENCIA

En San Juan, Puerto Rico, a 8 de febrero de 2018.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la sentencia, se suspende inmediata e indefinidamente del ejercicio de la abogacía a la Lcda. Nicole A. McConnie Shorter. Se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar ante este Tribunal el cumplimiento con lo anterior, en el término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Lo acordó y manda el Tribunal y lo certifica el Secretario el Tribunal Supremo.

La Jueza Presidenta Oronoz Rodríguez concurre por los fundamentos expuestos en la expresión que emitió el Juez Asociado señor Estrella Martínez en In re: Reina Davis Pérez, 2017 TSPR 180, 198 DPR ___ (2017).

El Juez Asociado señor Estrella Martínez concurre por los fundamentos contenidos en su expresión en *In re Reina Davis Pérez*, 2017 TSPR 180, 198 DPR ___ (2017).

El Juez Asociado señor Colón Pérez concurre. La Juez Asociada señora Rodríguez Rodríguez no intervino.


Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo