EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br><br>Marién R. Muriente Colón | 2018 TSPR 41<br><br>199 DPR ____ |

Número del Caso: TS-14,470

Fecha: 13 de marzo de 2018

Abogado de la parte promovida:

      Por derecho propio

Programa de Educación Jurídica Continua:

      Lcdo. José I. Campos Pérez
      Director

Materia: Conducta Profesional – La suspensión de la abogada será efectiva el 19 de marzo de 2018, fecha en que se le notificó por correo a la abogada de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | | TS-14,470 | |
|--------|--|-----------|--|
| Marién R. Muriente Colón | | | |

*PER CURIAM*

En San Juan, Puerto Rico, a 13 de marzo de 2018.

Nuevamente ejercemos nuestra facultad disciplinaria y ordenamos la suspensión inmediata e indefinida de la Lcda. Marién R. Muriente Colón (licenciada Muriente Colón) de la profesión legal por su incumplimiento con los requerimientos del Programa de Educación Jurídica Continua (PEJC) y con los de este Tribunal.

I

El Director Ejecutivo del PEJC, Lcdo. José Ignacio Campos Pérez, comparece ante nos mediante sendo Informe en el que nos pone al tanto sobre el incumplimiento de la licenciada Muriente Colón con los requisitos del PEJC y sobre la reiterada desatención de la letrada con los requerimientos que le cursó.

La licenciada Muriente Colón fue admitida al ejercicio de la abogacía el 23 de enero de 2003 y a la notaría el 10 de junio del mismo año. El 24 de febrero de 2017, el Director del PEJC compareció ante nos e indicó que la licenciada

Muriente Colón incumplió con los requisitos del PEJC durante el periodo del 1 de febrero de 2009 al 31 de enero de 2011. Adujo que, en un principio, le envió a la letrada el Aviso de Incumplimiento para el periodo antes mencionado. En dicho Aviso de Incumplimiento se le concedió término a la licenciada Muriente Colón para tomar los cursos correspondientes y para satisfacer la multa por cumplimiento tardío para el periodo señalado, conforme a la Regla 30(C) del Reglamento del Programa de Educación Jurídica Continua, *In re Aprobación Regl. Prog. Educ. Jur.*, 164 DPR 555 (2005) (según enmendado). Sin embargo, la licenciada Muriente Colón ni tomó los cursos de educación jurídica necesarios ni satisfizo la multa por cumplimiento tardío.

Así las cosas, el PEJC le remitió una citación para una Vista Informal a celebrarse el 5 de diciembre de 2013. La licenciada Muriente Colón compareció por escrito a dicha Vista Informal. Esta expresó que en el año 2010 se mudó a Illinois y que, desde entonces, ni ejercía la profesión legal ni trabajaba. Planteó que percances económicos y de salud le impedían viajar a Puerto Rico para tomar cursos de educación jurídica continua. Adujo que creyó que había cumplido con los requisitos del periodo 2009-2011 porque acumuló 25.75 créditos durante este. Finalmente, indicó que entendía que no tenía que cumplir con los 6 créditos de notaría porque renunció a esta e informó que se había matriculado recientemente en dos cursos en línea.

El Director del PEJC indicó que el 8 de septiembre de 2014 recibió copia de la citación a la Vista Informal y copia de un giro postal para el pago de la multa por cumplimiento tardío. Además, recibió una carta del Colegio de Abogados y Abogadas de Puerto Rico de la cual surgía que el 18 de agosto de 2011 este Tribunal dio por terminada la fianza notarial de la licenciada Muriente Colón y aceptó su renuncia voluntaria.

Así las cosas, el 23 de septiembre de 2014 el PEJC le notificó a la licenciada Muriente Colón un comunicado en el que se le concedió un término adicional de 30 días para subsanar la deficiencia de créditos de ética del periodo 2009-2011 y para acreditar el cumplimiento con lo anterior. Se le informó que una vez cumpliera con lo ordenado se le relevaría de cumplir con los créditos de notaría del periodo 2009-2011 en atención a su cese voluntario. Sin embargo, del expediente no surge que la licenciada Muriente Colón contestó dicha misiva.

Posteriormente, el 17 de noviembre de 2015 se le notificó a la licenciada Muriente Colón el Informe del Oficial Examinador y la determinación de la entonces Directora del PEJC, Hon. Geisa M. Marrero Martínez, respecto a la Vista celebrada. Se le advirtió que, de incumplir con lo requerido, el asunto de la Vista Informal sería presentado ante la Junta para que esta determinara si sería referida a

este Tribunal. No obstante, del expediente no surge que la letrada hubiera cumplido con los requerimientos del PEJC.

A tenor con el apercibimiento hecho a la licenciada Muriente Colón, el PEJC nos remitió el Informe. Mediante el mismo, nos señala que el Historial de Cursos Acreditados de la licenciada Muriente Colón refleja que si bien pagó la multa por incumplimiento tardío, aún no ha cumplido con los créditos para el período de 2009-2011. Asimismo, nos indica que la licenciada Muriente Colón tampoco cumplió con los requisitos del PEJC correspondientes a los períodos del 1 de febrero de 2011 al 31 de enero de 2013 y del 1 de febrero del 2013 al 31 de enero de 2015. Para estos últimos períodos se le notificó a la licenciada Muriente Colón un Aviso de Incumplimiento. Cabe mencionar que la licenciada Muriente Colón no ha sido citada a una Vista Informal para estos períodos.

El 28 de marzo de 2017, emitimos una Resolución en la que le concedimos un término de 20 días a la licenciada Muriente Colón para que compareciera ante nos y mostrara causa por la cual no debía ser suspendida del ejercicio de la profesión de la abogacía por incumplir con los requisitos del PEJC y por no comparecer cuando le fue requerido. Expirado el término concedido, la licenciada Muriente Colón no compareció.

Así las cosas, el 21 de junio de 2017 emitimos otra Resolución en la que le concedimos un término final de 10

días a la licenciada Muriente Colón para comparecer y mostrar causa por la cual no debía ser suspendida del ejercicio de la profesión de la abogacía por incumplir con los requisitos de educación jurídica continua. Nuevamente, la letrada incumplió con lo ordenado y no compareció.

## II

El Canon 2 del Código de Ética Profesional requiere con el "fin de viabilizar el objetivo de representación legal adecuada para toda persona, [que] el abogado manten[ga] un alto grado de excelencia y competencia en su profesión a través del estudio y la participación en programas educativos de mejoramiento profesional". 4 LPRA Ap. IX. Para garantizar el cumplimiento de este deber, todo abogado o abogada debe cumplir con los requisitos establecidos en el *Reglamento de Educación Jurídica Continua*, supra. *In re López González et al.*, 2015 TSPR 107.

Reiteradamente hemos expresado que la desidia y dejadez ante los requerimientos del PEJC representan un gasto de recursos administrativos por parte de ese programa y reflejan una patente falta de compromiso con el deber de excelencia y competencia que encarna el Canon 2 del Código de Ética Profesional. *In re Cepero Rivera et al.*, 2015 TSPR 119. Por lo tanto este Tribunal disciplina a los abogados que desatienden los requerimientos de la Junta e incumplen con las horas crédito de educación jurídica continua. *In re Rivera Trani*, 188 D.P.R. 454 (2013).

Por último, reiteradamente hemos señalado que desatender los requerimientos de este Tribunal por los miembros de la profesión legal constituye un serio agravio a nuestra autoridad e infringe el Canon 9. *In re López González*, *et al.*, supra; *In re De Jesús Román,* 192 D.P.R. 799 (2015). A su vez, hemos advertido que procede la suspensión inmediata del ejercicio de la profesión cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante nuestros apercibimientos de imponerle sanciones disciplinarias. *In re López González et al.,* supra.

### III

El PEJC, a través de su Director Ejecutivo, ha detallado en el Informe los esfuerzos realizados para requerirle a la licenciada Muriente Colón el cumplimiento con los requisitos del PEJC. Todos estos esfuerzos han sido infructuosos por lo que ha tenido que solicitar nuestra intervención. La licenciada Muriente Colón no ha comparecido ante nos ni ha acreditado su cumplimiento con los requisitos del PEJC.

Lo anterior nos lleva a decretar la suspensión inmediata e indefinida del ejercicio de la abogacía de la Lcda. Marién R. Muriente Colón. Como consecuencia, se le impone el deber de notificar a todos sus clientes, si alguno, de su inhabilidad para seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar inmediatamente de su suspensión a los foros

judiciales y administrativos donde tenga algún asunto pendiente. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Marién R. Muriente Colón

TS-14,470

SENTENCIA

En San Juan, Puerto Rico, a 13 de marzo de 2018.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la sentencia, se suspende inmediata e indefinidamente del ejercicio de la abogacía a la Lcda. Marién R. Muriente Colón. Se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar ante este Tribunal el cumplimiento con lo anterior, en el término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Lo acordó y manda el Tribunal y lo certifica el Secretario del Tribunal Supremo.

La Jueza Presidenta Oronoz Rodríguez concurre por los fundamentos expuestos en la expresión que emitió el Juez Asociado señor Estrella Martínez en In re: Reina Davis Pérez, 2017 TSPR 180, 198 DPR ___ (2017).

El Juez Asociado señor Estrella Martínez concurre por los fundamentos contenidos en su expresión en *In re Reina Davis Pérez*, 2017 TSPR 180, 198 DPR ___ (2017).

El Juez Asociado señor Colón Pérez concurre con el resultado. La Juez Asociada señora Rodríguez Rodríguez no intervino.


                              Juan Ernesto Dávila Rivera
                              Secretario del Tribunal Supremo