EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Luis M. Nieves Soto | 2018 TSPR 136<br><br>200 DPR ____ |

Número del Caso:  TS-14,447


Fecha: 16 de julio de 2018


Abogado de la parte promovida:

        Por derecho propio


Programa de Educación Jurídica Continua:

        Lcdo. José Ignacio Campos Pérez
        Director


Materia:  La suspensión será efectiva el 26 de julio de 2018, fecha en que se le notificó al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | | |
|---|---|---|
| Luis M. Nieves Soto | TS-14,447 | |

PER CURIAM

San Juan, Puerto Rico, a 16 de julio de 2018.

Nuevamente, nos vemos forzados a ejercer nuestro poder disciplinario para suspender a un miembro de la profesión jurídica por incumplir con las órdenes de este Tribunal y con los requerimientos del Programa de Educación Jurídica Continua (PEJC). Por los fundamentos mencionados, decretamos la suspensión inmediata e indefinida del Lcdo. Luis M. Nieves Soto (licenciado Nieves Soto) de la práctica de la abogacía y la notaría.[1]

I

Con el propósito de informarnos sobre los profesionales del derecho que habían incumplido con el requisito de la educación jurídica continua para el periodo del 1 de diciembre de 2009 al 30 de noviembre de

---

[1] El Lcdo. Luis M. Nieves Soto fue admitido a la práctica de la abogacía el 23 de enero de 2003 y prestó juramento como notario el 22 de abril del mismo año.

2011, el Director del PEJC presentó ante nos el *Informe sobre incumplimiento con requisito de educación jurídica continua*. Entre los profesionales del derecho referidos, se encuentra el licenciado Nieves Soto. De ese modo, nos informó que el mencionado letrado no compareció a la vista informal a la cual fue citado y aún no había cumplido con los requisitos de la educación jurídica continua. Asimismo, se desprende que se le otorgó una prórroga para cumplir con lo anterior, dado a que sólo le faltaban 3.00 horas créditos de ética profesional, pero aun así no cumplió.

Ante ese cuadro, el 30 de noviembre de 2017, emitimos una primera resolución en la que le concedimos al licenciado Nieves Soto un término de veinte días para que compareciera y mostrara causa por la cual no debía ser suspendido del ejercicio de la profesión de la abogacía por incumplir con los requisitos y los requerimientos del PEJC. A raíz de su incomparecencia, emitimos una segunda resolución en la que le concedimos un término final de diez días para mostrar causa por la que no debía ser suspendido. A pesar de que lo anterior le fue notificado personalmente el 5 de abril de 2018, a la fecha de hoy no ha cumplido con nuestras órdenes.

## II

Sabido es que desatender nuestros requerimientos es incompatible con la práctica de la profesión, ya que constituye una violación al Canon 9 del Código de Ética

Profesional, 4 LPRA Ap. IX, y menoscaba nuestro poder inherente de regular la profesión jurídica. *In re* Canales Pacheco, res. el 10 de mayo de 2018, 2018 TSPR 100. Consecuentemente, hemos sido tajantes al concluir que tal conducta conlleva la separación inmediata e indefinida del ejercicio de la abogacía. Íd.

Así también, hemos expresado que lo anterior se extiende a los requerimientos de nuestros brazos operacionales, tales como la Oficina del Procurador General, la Oficina de Inspección de Notarías y el PEJC. *In re* Arocho Cruz, res. el 22 de mayo de 2018, 2018 TSPR 97. De esa forma, hemos suspendido indefinidamente del ejercicio de la profesión a abogados por haber desatendido los requerimientos del PEJC y apartarse de las exigencias concernientes a la educación jurídica continua. Íd.

Al amparo de la normativa jurídica expuesta, evaluaremos la conducta exhibida por el licenciado Nieves Soto.

**III**

El licenciado Nieves Soto incumplió con las órdenes impartidas por este Tribunal, al no comparecer cuando le fue requerido. Asimismo, incumplió con los requerimientos del PEJC al no comparecer a la vista informal y no cumplir con la educación jurídica continua, a pesar de que se le concedió una prórroga para ello.

Lo anterior demuestra desinterés del licenciado Nieves Soto hacia la profesión legal que ejerce y la cual nosotros tenemos la responsabilidad de regular. A su vez, denota indiferencia hacia nuestra función disciplinaria y hacia las responsabilidades de uno de nuestros brazos operacionales, el PEJC. Por tal motivo, nos vemos obligados a suspenderlo inmediata e indefinidamente de la abogacía y la notaría.

**IV**

Por los fundamentos que anteceden, suspendemos inmediata e indefinidamente al Lcdo. Luis M. Nieves Soto del ejercicio de la abogacía y la notaría.

Como consecuencia, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. Del mismo modo, se le ordena que devuelva a sus clientes los expedientes de los casos pendientes y cualesquiera honorarios recibidos por trabajos no realizados. Además, se le impone la obligación de informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes. Por último, deberá acreditar a este Tribunal el cumplimiento con lo aquí ordenado, dentro del término de treinta días contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Por su parte, se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del Sr. Luis M. Nieves Soto y entregarlos al

Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe. Además, en virtud de esta suspensión inmediata e indefinida del ejercicio de la notaría, la fianza que garantiza las funciones notariales queda automáticamente cancelada. Asimismo, la fianza se considerará buena y válida por tres años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia al Sr. Luis M. Nieves Soto.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Luis M. Nieves Soto                TS-14,447

SENTENCIA

San Juan, Puerto Rico, a 16 de julio de 2018.

Por los fundamentos que anteceden, se suspende inmediata e indefinidamente al Lcdo. Luis M. Nieves Soto del ejercicio de la abogacía y la notaría.

Como consecuencia, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. Del mismo modo, se le ordena que devuelva a sus clientes los expedientes de los casos pendientes y cualesquiera honorarios recibidos por trabajos no realizados. Además, se le impone la obligación de informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes. Por último, deberá acreditar a este Tribunal el cumplimiento con lo aquí ordenado, dentro del término de treinta días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Por su parte, se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial del Sr. Luis M. Nieves Soto y entregarlos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe. Además, en virtud de esta suspensión inmediata e indefinida del ejercicio de la notaría, la fianza que garantiza las funciones notariales queda automáticamente cancelada. Asimismo, la fianza se considerará buena y válida por tres años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia al Sr. Luis M. Nieves Soto.

Lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez no intervino.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo