EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| | 2020 TSPR 60 |
| Antonio Moreda Toledo | 204 DPR _____ |

Número del Caso:  TS-4957

Fecha:  20 de julio de 2020

Lcdo. Antonio Moreda Toledo:

    Por derecho propio

Programa de Educación Jurídica Continua:

    Lcda. María Cecilia Molinelli González

Materia:  La suspensión será efectiva el 23 de julio de 2020, fecha en que se le notificó al abogado de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| *In re*: <br><br> Antonio Moreda Toledo | TS-4957 | Conducta Profesional |

**PER CURIAM**

En San Juan, Puerto Rico, a 20 de julio de 2020.

Una vez más nos vemos obligados a ejercer nuestra facultad disciplinaria contra un abogado por incumplir con los requerimientos del Programa de Educación Jurídica Continua (PEJC o Programa) y con las órdenes de este Tribunal. En vista de lo anterior, suspendemos inmediata e indefinidamente al Lcdo. Antonio Moreda Toledo (licenciado Moreda Toledo) del ejercicio de la abogacía y la notaría.

**I**

El licenciado Moreda Toledo fue admitido a la práctica de la abogacía el 12 de diciembre 1975 y juramentó como notario el 16 de septiembre de 1976.

El 13 de diciembre de 2018, la Directora Ejecutiva del PEJC, Lcda. María C. Molinelli González, presentó ante este Tribunal un *Informe sobre Incumplimiento con el Requisito de Educación Jurídica Continua* mediante el cual nos informó que el licenciado Moreda Toledo no había completado los

cursos de educación jurídica continua correspondientes al periodo del 1 de octubre de 2011 al 30 de septiembre de 2013. Señaló que, el Programa le envió al letrado un *Aviso de incumplimiento* mediante el cual le concedió un término para tomar los cursos correspondientes y satisfacer una multa que le fuera impuesta por cumplimiento tardío. Además, por medio del referido escrito, lo citó a una vista informal.

La Directora Ejecutiva del PEJC explicó, además, que el licenciado Moreda Toledo tampoco cumplió con los requisitos del Programa concerniente al periodo de 1 de octubre de 2013 al 30 de septiembre 2016 para el cual se le notificó el correspondiente *Aviso de Incumplimiento*. Asimismo, nos informó que el abogado no había efectuado el pago de multa por cumplimiento tardío correspondiente a los periodos antes mencionados. Finalmente, expresó que como resultado del reiterado incumplimiento, refirió el asunto ante nuestra consideración.

El 9 de enero de 2019, emitimos una *Resolución* en la que le concedimos al licenciado Moreda Toledo un término de veinte (20) días para que mostrara causa por la cual no debía ser suspendido del ejercicio de la abogacía por incumplir con los requisitos del PEJC y por no comparecer cuando le fue requerido.

En respuesta, el 5 de febrero de 2019, el abogado presentó un *Escrito mostrando causa*. En síntesis, afirmó que nunca recibió el *Aviso de Incumplimiento* de 22 de

noviembre de 2013, por lo que no tuvo la oportunidad de enterarse de su contenido. Además, afirmó que el tiempo transcurrido desde que finalizó el periodo 2011-2013 hasta que el incumplimiento fue referido ante este Tribunal, lo colocó en un estado de indefensión. De esta forma, solicitó un término de sesenta (60) días para tomar todos los cursos requeridos por el PEJC.

Tras examinar el escrito presentado por el licenciado Moreda Toledo, el 26 de febrero de 2019, emitimos una *Resolución* en la que le concedimos un término de sesenta (60) días para cumplir con todos los requerimientos del PEJC y presentar una certificación de cumplimiento emitida por el Programa. Además, otorgamos al PEJC un término de veinte (20) días para que se expresara sobre *el Escrito mostrando causa* presentado por el licenciado Moreda Toledo.

Ante ello, el PEJC presentó una *Moción en cumplimiento de Resolución* mediante la cual resaltó la obligación ética que tiene un letrado con estatus de abogado activo de cumplir con los requisitos del Programa. Además, expresó que el PEJC cumplió con el debido proceso de ley al notificar al licenciado Moreda Toledo sobre su incumplimiento con los créditos de educación jurídica continua para el periodo 2011-2013, por medio de un *Aviso de incumplimiento* enviado por correo regular a la dirección señalada por éste en el Registro Único de Abogados (RUA). Conforme a ello, sostuvo que las alegaciones del letrado eran insuficientes para derrotar la presunción establecida en la Regla 304 (23) de

Evidencia de Puerto Rico, 32 LPRA Ap. VI, ya que el referido *Aviso de Incumplimiento* nunca fue devuelto al Programa.

Luego de examinar la *Moción en cumplimiento de resolución* presentada por la Directora Ejecutiva del PEJC, el 6 de mayo de 2019, emitimos una *Resolución* en la que concedimos un término de veinte (20) días al letrado para que compareciera ante este Tribunal y acreditara su cumplimiento con los requerimientos del PEJC.

El 29 de mayo de 2019, el licenciado Moreda Toledo presentó una *Moción en cumplimiento de orden* en la que desglosó los cursos de educación jurídica continua que había aprobado hasta ese momento y peticionó que se le concediera hasta el 30 de septiembre de 2019 para cumplir con los requisitos del PEJC correspondientes al periodo de 2013-2016.

En consecuencia, el 30 de julio de 2019, emitimos una *Resolución* en la que le concedimos un término de veinte (20) días al PEJC para que se expresara sobre la referida moción.

Conforme a lo ordenado, el 19 de agosto de 2019, el PEJC compareció mediante una *Moción en cumplimiento de resolución*. Explicó que, el 29 de julio de 2019, el Programa se comunicó por teléfono con el letrado y le informó que le faltaban nueve (9) créditos de notaría y doce (12) créditos generales para cumplir con los créditos necesarios para los periodos de 2011-2013 y 2013-2016. Manifestó que, en esa llamada, le aclaró al abogado que tendría hasta el 30 de septiembre de 2019 para completar los créditos requeridos

durante el periodo de 2016-2019. Además, el PEJC hizo constar que el licenciado Moreda Toledo debía doscientos cincuenta ($250) como resultado de tres (3) multas por cumplimiento tardío. Por último, afirmó que no tenía objeción a que se le concediera tiempo adicional al licenciado Moreda Toledo para cumplir con los requisitos del PEJC.

El 29 de agosto de 2019, emitimos una *Resolución* en la que le concedimos al licenciado Moreda Toledo un término final e improrrogable de treinta (30) días para presentar una certificación de cumplimiento emitida por el PEJC y acreditar el pago de las multas que le fueron impuestas. Asimismo, apercibimos al letrado que el incumplimiento con lo ordenado conllevaría la suspensión del ejercicio de la abogacía.

El 9 de septiembre de 2019, el licenciado Moreda Toledo presentó una *Solicitud de Reconsideración a Resolución del 29 de agosto de 2019 y réplica a Moción en cumplimiento de resolución* mediante la cual solicitó un término adicional, vencedero el 30 de septiembre de 2019 para cumplir con veintiún (21) créditos adeudados y, además, que se le otorgara un término de sesenta (60) días dentro del periodo de gracia, contemplado en la Regla 30 del Reglamento del Programa de Educación Jurídica Continua, 4 LPRA Ap. XXVII-E, que le permitiera completar los veinticuatro (24) créditos del periodo de 2016-2019 que culminaba el 30 de septiembre de 2019.

Así las cosas, el 26 de septiembre de 2019, emitimos una *Resolución* mediante la cual le concedimos al letrado un plazo de treinta (30) días para tomar los cursos que le quedaban pendientes y presentarnos la correspondiente certificación de cumplimiento emitida por el PEJC.

A pesar de lo anterior, 22 de noviembre de 2019, la Directora Ejecutiva del PEJC emitió una *Certificación* de la cual surgía que el letrado Moreda Toledo continuaba el patrón de incumplimiento con los requerimientos del PEJC.

El licenciado Moreda Toledo desatendió nuestra orden por lo que, el 24 de enero de 2020 le exigimos una vez más que, en un término final de veinte (20) días, sometiera una certificación del PEJC en la que acreditara que había completado los créditos de educación jurídica continua pendientes. A su vez, le apercibimos que su incumplimiento podría conllevar sanciones severas, incluyendo la suspensión del ejercicio de la abogacía. Nuevamente, el letrado hizo caso omiso a nuestras advertencias.

Como se puede observar, a pesar de las múltiples oportunidades conferidas al licenciado Moreda Toledo para que cumpliera con los requisitos del PEJC y las advertencias expresas sobre las consecuencias de desatender nuestras órdenes, el letrado no ha cumplido con lo requerido por este Foro.[1]

---

[1] Adviértase que, el 3 de julio de 2020, la Directora Ejecutiva del Programa de Educación Jurídica Continua, mediante *Certificación* reiteró que el Lcdo. Antonio Moreda Toledo continúa incumpliendo con los requerimientos del PEJC.

## II

El Código de Ética Profesional, 4 LPRA Ap. IX, tiene el propósito de "promover el desempeño personal y profesional de los abogados y las abogadas de acuerdo con los más altos principios de conducta decorosa […]".[2] Con ese norte, al prestar juramento para ejercer la abogacía, los togados "se comprometen a obedecer, con lealtad y fidelidad, aquellos deberes y responsabilidades que les impone la ley y el Código de Ética Profesional".[3]

De otra parte, hemos establecido un programa compulsorio de educación continua que tiene el propósito de apoyar a la clase togada en el cumplimiento con su obligación de mantener un alto grado de excelencia y competencia en el desempeño de sus responsabilidades legales, según impuesto por el Canon 2 del Código de Ética Profesional, 4 LPRA Ap. IX. Cónsono con lo anterior, todo abogado debe cumplir con los requisitos establecidos en el Reglamento del Programa de Educación Jurídica Continua, *supra*. En esa línea hemos expresado que "[l]a desidia y dejadez ante los requerimientos del PEJC, no solo representan un gasto de recursos administrativos por parte de ese programa, sino que, además, reflejan una patente falta de compromiso con el deber de excelencia y competencia que encarna el Canon 2 del Código de Ética Profesional".[4]

---

[2] *In re Alberty Oms*, 2018 TSPR 51, 200 DPR ___ (2018); *In re Espino Valcárcel*, 199 DPR 761 (2018).
[3] *In re González López*, 2018 TSPR 28, 199 DPR ___ (2018).
[4] *In re Muriente Colón*, 2018 TSPR 41, 199 DPR __ (2018); *In re McConnie Shorter*, 2018 TSPR 29, 199 DPR __ (2018).

El Canon 9 del Código de Ética Profesional, *supra*, exige a los abogados y a las abogadas "una conducta que se caracterice por el mayor respeto" hacia el Tribunal.[5]   De manera que, éstos tienen la obligación de atender y obedecer tanto las órdenes de este Tribunal como las de cualquier foro al que se encuentren obligados a comparecer.[6]

A tono con lo anterior, hemos sido enfáticos en que la desatención e indiferencia a nuestras órdenes y apercibimientos vulnera el Canon 9 del Código de Ética Profesional, *supra*, y puede conllevar sanciones disciplinarias que incluyen la separación inmediata e indefinida de la profesión.[7]

Por otro lado, las obligaciones impuestas por el Canon 9 del Código de Ética Profesional, *supra*, se extienden a los requerimientos asociados al PEJC, en calidad de brazo operacional de este Foro.[8]   De manera que, relegar las exigencias del PEJC, es una conducta igualmente censurable bajo las disposiciones de nuestro ordenamiento ético.

### III

Es evidente que los antecedentes fácticos reseñados confirman que el licenciado Moreda Toledo ha incumplido con los requisitos del PEJC.   Ello, a pesar de las múltiples

---

[5] *In re Lee Navas*, 2017 TSPR 208, 199 DPR __ (2017); *In re Abreu Figueroa,* 198 DPR 532 (2017); *In re Mangual Acevedo*, 197 DPR 998 (2017); *In re Marín Serrano*, 197 DPR 535 (2017).
[6] *In re Marín Serrano*, supra.
[7] *In re Maldonado Pérez*, 2018 TSPR 152, 200 DPR ____ (2018); *In re Soriano Ressy*, 2018 TSPR 137, 200 DPR ____ (2018); *In re Nieves Soto*, 2018 TSPR 136, 200 DPR ____ (2018); *In re Muriente Colón,* supra.
[8] *In re Soriano Ressy*, *supra*; *In re Nieves Soto*, supra.

oportunidades concedidas y apercibimientos sobre las posibles sanciones éticas que implican la conducta desplegada.

No hay duda que el comportamiento del letrado muestra un alto grado de desidia e indiferencia hacia nuestras órdenes, así como a los múltiples requerimientos del PEJC. Tal proceder incide sobre los postulados consignados en el Canon 9 del Código de Ética Profesional, *supra*. En consecuencia, ordenamos la suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría del licenciado Moreda Toledo.

**IV**

En vista de lo anterior, decretamos la suspensión inmediata e indefinida del licenciado Moreda Toledo del ejercicio de la abogacía y la notaría.

Le ordenamos notificar a todos sus clientes de su inhabilidad para continuar con su representación y a devolverles tanto los expedientes de los casos pendientes como los honorarios recibidos por trabajos no rendidos. Además, deberá informar inmediatamente de su suspensión a los distintos foros judiciales y administrativos en los que tenga algún asunto pendiente y acreditar ante este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días, a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo pudiera conllevar que no se le reinstale al ejercicio de la abogacía de solicitarlo en el futuro.

Por último, el Alguacil de este Tribunal deberá incautar inmediatamente la obra protocolar y sello notarial del señor Moreda Toledo y entregarlos al Director de la Oficina de Inspección de Notaría para el correspondiente examen e informe. En virtud de esta suspensión, la fianza que garantiza las funciones notariales queda automáticamente cancelada. No obstante, la fianza se considerará buena y válida por tres (3) años después de su terminación, en cuanto a los actos realizados durante el periodo en que estuvo vigente.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

_In Re;_

Antonio Moreda Toledo

TS-4,957

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de julio de 2020.

Por los fundamentos enunciados en la Opinión _Per Curiam_ que antecede, la cual se hace formar parte de la presente Sentencia, suspendemos inmediata e indefinidamente de la práctica de la abogacía y la notaría al Lcdo. Antonio Moreda Toledo.

El señor Moreda Toledo deberá notificar a todos sus clientes de su inhabilidad para continuar representándolos. De igual forma, se le ordena devolverles los expedientes de todos los casos pendientes y cualquier cantidad recibida en honorarios por trabajos no realizados. Asimismo, tiene la responsabilidad de informar inmediatamente de su suspensión a todos los foros judiciales y administrativos en los que tenga algún caso pendiente. Por último, tiene la obligación de acreditar y certificar a este Tribunal el cumplimiento con todo lo anterior, en un término de treinta (30) días contados a partir de la notificación de esta Opinión _Per Curiam_ y Sentencia. No hacerlo pudiera conllevar que no se le reinstale al ejercicio de la abogacía de solicitarlo en el futuro.

Se le ordena al Alguacil de este Foro incautar inmediatamente la obra y el sello notarial del señor Moreda Toledo y entregarlos al Director de la Oficina de Inspección de Notarías para el correspondiente examen e informe. En virtud de esta suspensión, la fianza que garantiza las funciones notariales queda automáticamente cancelada. No obstante, la fianza se considerará buena y válida por tres (3) años después de su terminación, en cuanto a los actos realizados durante el periodo en que estuvo vigente.

Notifíquese.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez no intervino. La Juez Asociada señora Rodríguez Rodríguez no interviene.

José Ignacio Campos Pérez
Secretario del Tribunal Supremo