EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |
|---|---|
| In re: <br><br> Leroy G. Lewis Maymó | 2020 TSPR 118 <br><br> 204 DPR _____ |

Número del Caso:  TS-10,723


Fecha:  2 de octubre de 2020


Oficina de Inspección de Notarías:

    Lcdo. Manuel E. Ávila De Jesús
    Director

Lcdo. Leroy G. Lewis Maymó:

    Por derecho propio


Materia:  La suspensión será efectiva el 2 de octubre de 2020, fecha en que se le notificó al abogado de su suspensión inmediata.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

|  |  |  |
|---|---|---|
| *In re*: Leroy G. Lewis Maymó | TS-10,723 |  |

**PER CURIAM**

En San Juan, Puerto Rico, a 2 de octubre de 2020.

Una vez más nos vemos obligados a ejercer nuestra facultad disciplinaria contra un abogado por incumplir con los requerimientos de la Oficina de Inspección de Notarías (ODIN), y por no acatar las órdenes de este Tribunal. En vista de lo anterior, suspendemos inmediata e indefinidamente al Lcdo. Leroy G. Lewis Maymó (licenciado Lewis Maymó) del ejercicio de la abogacía y la práctica de la notaría.

**I**

El licenciado Lewis Maymó fue admitido a la práctica de la abogacía el 4 de enero de 1994 y juramentó como notario el 9 de diciembre de 1994.[1]

---

[1] El 10 de marzo de 2020 el Sr. Antonio Santana Colón presentó una Queja Núm. AB-2020-0050 en contra del Lcdo. Leroy G. Lewis Maymó. El 15 de julio de 2020, este Tribunal, mediante conducto de la Secretaría, concedió un término de diez (10) días para presentar su contestación a la misma. Al incumplir con el término de diez (10) días, el 12 de agosto de 2020, la Secretaría envió documento intitulado Segunda Notificación en

El 11 de agosto de 2020, el Lcdo. Manuel E. Ávila De Jesús, Director de la ODIN presentó una *Solicitud urgente de incautación de obra notarial y en solicitud de remedios* ante este Tribunal. En síntesis, señaló que desde el mes de febrero de 2020 varios funcionarios de la ODIN, incluyéndolo a él, habían tratado de comunicarse con el licenciado Lewis Maymó para inspeccionar su obra notarial desde el año 2011 hasta el presente. Sin embargo, las comunicaciones fueron infructuosas dado a su inaccesibilidad y falta de cooperación. La ODIN también afirmó que, como resultado del proceso ordinario de citación para el examen de su obra protocolar en febrero de 2020, la Lcda. Norma Acosta de Santiago, Inspectora de Protocolos y Notarías, intentó comunicarse con el notario para acordar una fecha hábil para examinar su obra protocolar.[2] Ante su incumplimiento, el Director de la ODIN, a través de los correos electrónico que constaban en el Registro Único de Abogados y Abogadas (RUA), le requirió al licenciado Lewis Maymó que se comunicara con carácter urgente. A pesar de ello, el letrado no se comunicó para coordinar una reunión ni excusarse por su incumplimiento.

---

la cual se le concedió un término final de diez (10) días para que sometiera su contestación a la Queja presentada. Se le apercibió que, de no comparecer en el término provisto, la Queja sería referida a la Oficina del Procurador General.

[2] Cabe resaltar que la Lcda. Norma Acosta de Santiago, Inspectora de Protocolos y Notarías, le apercibió sobre los intentos infructuosos de comunicarse vía telefónica mediante correo electrónico remitido el 7 de febrero de 2020.

El 18 de febrero de 2020, la inspectora de la ODIN se personó a la dirección de la sede notarial registrada en el RUA y confirmó que la presunta sede del notario era utilizada como una firma de contabilidad (Tax Opportunities). Posteriormente, el Director de la ODIN visitó las distintas instalaciones en que ubicaban las sedes notariales que habían sido informadas previamente en el RUA y en el expediente del licenciado Lewis Maymó. De esa manera, confirmó que los lugares no estaban ocupados por el letrado.

Por otro lado, ODIN apuntó que el licenciado Lewis Maymó incumplió con sus Informes de Actividad Notarial Mensuales desde septiembre de 2017 hasta julio de 2020, así como los Informes Estadísticos de Actividad Notarial Anual desde 2017 hasta el 2019.[3]

Así las cosas, la ODIN afirmó que el letrado incumplió en reiteradas ocasiones con los requerimientos cursados para coordinar la inspección ordinaria de su obra notarial formada desde 2011 hasta el presente; se desconocía dónde ubicaba la obra protocolar desde el 1994; aparentaba haberse trasladado fuera de la jurisdicción sin nombrar un notario sustituto o iniciar un proceso de cesación voluntaria de la notaría; no había actualizado sus datos en RUA, y no había presentado evidencia acreditativa del pago de su fianza notarial

---

[3]    Explicó que la información surgió del Sistema de Radicación Electrónica Notarial (REN).

correspondiente a los años naturales desde 2011 hasta el presente. Por lo tanto, la ODIN solicitó la incautación preventiva de la obra protocolar y el sello notarial del licenciado Lewis Maymó. Ello, como resultado del incumplimiento con la *Ley Notarial de Puerto Rico*, Ley Núm. 75 de 2 de julio de 1987 (4 LPRA sec. 2001 *et seq.*), el Reglamento Notarial de Puerto Rico, 4 LPRA Ap. XXIV, y los Cánones del Código de Ética Profesional, 4 LPRA Ap. IX.

El 21 de agosto de 2020, ordenamos al Alguacil de este Tribunal a proceder con la incautación inmediata de la obra protocolar y el sello notarial del licenciado Lewis Maymó. Además, instruimos a la ODIN a que preparara un *Informe sobre el estado de la obra notarial incautada*. Asimismo, le otorgamos al letrado un término final e improrrogable de diez días para que mostrara causa por la cual no debía ser suspendido del ejercicio de la notaría. Además, **le apercibimos que el incumplimiento con nuestra orden podía conllevar sanciones disciplinarias severas, incluyendo la suspensión indefinida del ejercicio de la profesión y la notaría.**

Vencido el término otorgado, el 3 de septiembre de 2020,[4] el letrado presentó una *Solicitud de término breve por razones de salud e impedimento físico*. En su

---

[4] Cabe resaltar que la Resolución emitida el 21 de agosto de 2020 fue notificada a las partes el 24 de agosto de 2020.

comparecencia, peticionó un término adicional de tres días para cumplir con lo ordenado por este Tribunal.

Posteriormente, el 16 de septiembre de 2020, el Director de la ODIN presentó una *Moción informativa y en solicitud de remedios* mediante la cual, entre otras cosas, informó que la Oficina del Alguacil General no pudo cumplir con nuestro mandato. Señaló que la obra protocolar continuaba en manos del licenciado Lewis Maymó. En consecuencia, recomendó la suspensión inmediata e indefinida del ejercicio de la notaría del licenciado Lewis Maymó; que ordenemos la entrega inmediata de su obra protocolar, y que actualice su información en el RUA.

En vista de lo anterior, el 18 de septiembre de 2020 otorgamos un término **final e improrrogable de tres días** al notario para que mostrara causa por la cual no debía ser suspendido del ejercicio de la notaría. Nuevamente, **le advertimos que el incumplimiento con nuestra orden podría conllevar la imposición de sanciones, incluyendo la suspensión indefinida de la abogacía y la notaría.**

El 21 de septiembre de 2020, la Oficina de los Alguaciles presentó ante este Tribunal el *Inventario de instrumentos públicos*. Allí, informó que el licenciado Lewis Maymó se negó a entregarles la totalidad de la obra notarial. Según se expresó, el letrado no entregó los tomos de los protocolos correspondientes a los años 2017,

2018, 2019 y 2020, pues, presuntamente, realizaría la entrega directamente en la ODIN.

Así las cosas, los plazos conferidos al licenciado Lewis Maymó transcurrieron sin que este cumpliera con nuestras órdenes. Tampoco ha comparecido ante este Tribunal ni ha demostrado justa causa para su incomparecencia e incumplimiento reiterado.

Con este cuadro fáctico, procedemos a exponer los fundamentos en los cuales se sostiene nuestra determinación de suspender inmediata e indefinidamente al licenciado Lewis Maymó. Veamos.

## II

Como parte de nuestra facultad inherente de regular la profesión jurídica en Puerto Rico nos corresponde asegurar que las personas admitidas a la práctica de la abogacía y la notaría ejerzan sus funciones de manera responsable, competente y diligente. A esos fines, el Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, exige a los abogados y a las abogadas "una conducta que se caracterice por el mayor respeto" hacia el Tribunal.[5] En ese sentido, tienen la obligación de atender y obedecer tanto las órdenes de este Tribunal como las de cualquier foro al que se encuentren obligados a

---

[5] *In re Lee Navas*, 2017 TSPR 208, 199 DPR __ (2017); *In re Mangual Acevedo*, 197 DPR 998, 1001 (2017); *In re Marín Serrano*, 197 DPR 535, 539 (2017). Véase, además, *In re Abreu Figueroa*, 198 DPR 532, 538 (2017).

comparecer.[6] Precisamente, como parte de la obligación que emana del Canon 9, la clase togada debe responder diligentemente a los requerimientos de la ODIN, pues la inobservancia de este deber acarrea el mismo efecto que cuando se desatiende una orden de este Tribunal.[7] De esa manera, relegar las exigencias de la ODIN es una conducta igualmente censurable bajo las disposiciones de nuestro ordenamiento ético.[8] Así pues, la desatención e indiferencia a nuestras órdenes y apercibimientos vulnera el Canon 9 del Código de Ética Profesional, *supra*, y puede conllevar sanciones disciplinarias que incluyen la separación inmediata e indefinida de la profesión.[9]

Por otro lado, reiteradamente hemos establecido que la función notarial requiere el mayor celo en el cumplimiento de las obligaciones que imponen la Ley Notarial y su Reglamento, así como los deberes éticos.[10] Esto es, los notarios y las notarias tienen la obligación de adherirse estrictamente al cumplimiento de todos aquellos deberes y las obligaciones que le impone su función notarial. En el desempeño de estos deberes, están

---

[6] *In re Marín Serrano*, *supra*.

[7] *In re Murati Fernández,* 2020 TSPR 65, 204 DPR __ (2020); *In re Cobas Rodríguez*, 201 DPR 790, 797 (2019).

[8] *In re Pratts Barbarossa*, 199 DPR 594, 599 (2018); *In re Abendaño Ezquerro*, 198 DPR 677, 682 (2017); *In re Núñez Vázquez,* 197 DPR 506, 513 (2017); *In re Franco Rivera,* 197 DPR 628, 634 (2017); *In re Vázquez González,* 194 DPR 688, 695-696 (2016); *In re Colón Collazo*, 196 DPR 239, 242 (2016).

[9] *In re Maldonado Pérez*, 2018 TSPR 152, 200 DPR __ (2018); *In re Muriente Colón,* 2018 TSPR 41, 199 DPR __ (2018).

[10] *In re Abendaño Ezquerro*, *supra*.

llamados a ser en extremo cuidadosos y desempeñarse con esmero, diligencia y estricto celo profesional.[11]

Cónsono con lo anterior, el Art. 48 de la Ley Notarial de Puerto Rico, dispone que los notarios son los encargados de guardar celosa y responsablemente los protocolos para que no se pierdan o menoscaben.[12] Es decir, deben velar por su integridad. Por lo tanto, quienes deben cumplir con esta responsabilidad tan importante, están sujetos a sanciones disciplinarias si se deterioran o pierden por su falta de diligencia. La referida obligación se extiende a tener que reponerlos o restaurarlos a sus expensas.[13]

La Ley Notarial, *supra*, impone a los notarios y las notarias la obligación de rendir los índices e informes notariales dentro del término provisto en ley.[14] Su incumplimiento constituye una falta grave a los deberes que tienen como custodios de la fe pública notarial. En consecuencia, se exponen a sanciones disciplinarias severas.[15]

---

[11] *In re Bryan Picó*, 192 DPR 246, 252 (2015); *In re Martínez Sotomayor*, 189 DPR 492, 499 (2013).

[12] 4 LPRA sec. 2072. Véase, además, *In re Rosenbaum*, 189 DPR 115, 120 (2013).

[13] *In re Bryan Picó, supra*; *In re Rosenbaum*, *supra*.

[14] Véase Arts. 12 y 13-A de la Ley Notarial de Puerto Rico, Ley Núm. 75 de 2 de julio de 1987, 4 LPRA sec. 2023 y 2031a. Véanse, además, *In re Núñez Vázquez*, *supra*, págs. 510-511; *In re Cabrera Acosta*, 193 DPR 461, 466 (2015).

[15] *In re Núñez Vázquez*, *supra*, pág. 511; *In re Cabrera Acosta*, *supra*, pág. 468; *In re Santiago Ortiz*, *supra*, pág. 959.

Expuesta la norma jurídica que aplica a los antecedentes fácticos reseñados, pasemos a evaluar la conducta exhibida por el licenciado Lewis Maymó.

## III

Como puede observarse, a pesar de los esfuerzos, las oportunidades que se le concedieron, los múltiples requerimientos cursados, los apercibimientos sobre las posibles sanciones disciplinarias al desatender nuestras órdenes, el letrado no ha cumplido con las órdenes emitidas por este foro. En primer lugar, es evidente que el letrado incumplió con los requerimientos de la ODIN al no cooperar con el proceso de inspección de su obra protocolar. Como vimos, el licenciado Lewis Maymó hizo caso omiso a las comunicaciones cursadas por la ODIN con el fin de inspeccionar su obra notarial. En segundo lugar, incumplió con su obligación de remitir a la ODIN los informes notariales durante numerosos periodos. Tampoco ha respondido a nuestras órdenes y se ha mostrado indiferente ante nuestro apercibimiento de imponerle sanciones disciplinarias por la conducta desplegada por éste.

Por otro lado, cabe resaltar la conducta reprochable e inaceptable del licenciado Lewis Maymó de negarse a entregar la totalidad de su obra protocolar según se ordenó por este Tribunal. En ese sentido, debemos

reafirmar que los notarios y las notarias no tienen la facultad de decidir qué parte de su obra protocolar entregarán y qué parte retendrán al momento de que se diligencie una orden de incautación emitida por este Tribunal. Las órdenes de este Tribunal deben cumplirse a cabalidad y no pueden ser enmendadas por el abogado o la abogada, la ODIN ni ninguna de las oficinas adscritas a este Tribunal.

La conducta del licenciado Lewis Maymó demuestra un claro menosprecio y un alto grado de desidia e indiferencia hacia nuestras órdenes, así como a los múltiples requerimientos de la ODIN. Tal proceder incide sobre los postulados consignados en el Canon 9 del Código de Ética Profesional, *supra*.

## IV

Por los fundamentos expuestos, suspendemos inmediata e indefinida al licenciado Lewis Maymó del ejercicio de la abogacía y la notaría. La fianza notarial queda automáticamente cancelada. No obstante, se considerará buena y válida por tres años después de su terminación, en cuanto a los actos realizados durante el periodo en que estuvo vigente.

Le ordenamos al señor Lewis Maymó notificar a todos sus clientes de su inhabilidad para continuar con su representación y devolverles los expedientes de los casos pendientes como los honorarios recibidos por trabajos no

rendidos. Además, deberá informar inmediatamente de su suspensión a los distintos foros judiciales y administrativos en los que tenga algún asunto pendiente. Deberá acreditar ante este Tribunal el cumplimiento con lo anterior dentro del término de treinta días, a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Finalmente, se le ordena al Alguacil de este Tribunal incautar inmediatamente los protocolos restantes de la obra notarial que aún permanece en poder del señor Lewis Maymó y entregarla a la ODIN para el correspondiente examen e informe.

Se le advierte al señor Lewis Maymó que el incumplimiento con la entrega de la totalidad de la obra protocolar según fue ordenado por este Tribunal, podría conllevar el referido a un procedimiento de desacato civil ante el Tribunal de Primera Instancia.

Por último, se ordena el archivo administrativo de la Queja Núm. AB-2020-0050 hasta tanto dispongamos otra cosa.

Notifíquese inmediatamente a través de la Oficina del Alguacil de este Tribunal.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| *In re*: | |
| Leroy G. Lewis Maymó | TS-10,723 |

**SENTENCIA**

En San Juan, Puerto Rico, a 2 de octubre de 2020.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, los cuales se hacen formar parte de esta Sentencia, suspendemos inmediata e indefinida al Lcdo. Leroy G. Lewis Maymó del ejercicio de la abogacía y la notaría. La fianza notarial queda automáticamente cancelada. No obstante, se considerará buena y válida por tres años después de su terminación, en cuanto a los actos realizados durante el periodo en que estuvo vigente.

Le ordenamos al señor Lewis Maymó notificar a todos sus clientes de su inhabilidad para continuar con su representación y devolverles los expedientes de los casos pendientes como los honorarios recibidos por trabajos no rendidos. Además, deberá informar inmediatamente de su suspensión a los distintos foros judiciales y administrativos en los que tenga algún asunto pendiente. Deberá acreditar ante este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días, a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Finalmente, se le ordena al Alguacil de este Tribunal incautar inmediatamente los protocolos restantes de la obra notarial que aún permanece en poder del señor Lewis Maymó y entregarla a la ODIN para el correspondiente examen e informe.

Se le advierte al señor Lewis Maymó que el incumplimiento con la entrega de la totalidad de la obra protocolar según fue ordenado por este Tribunal, podría conllevar el referido a un procedimiento de desacato civil ante el Tribunal de Primera Instancia.

Por último, se ordena el archivo administrativo de la Queja Núm. AB-2020-0050 hasta tanto dispongamos otra cosa.

Notifíquese inmediatamente a través de la Oficina del Alguacil de este Tribunal.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


José Ignacio Campos Pérez
Secretario del Tribunal Supremo